HARRY L. BROWN, APPELLEE, V. WILLIAM M. HAITH, APPELLANT.

1 N. W. (2d) 825

FILED JANUARY 9, 1942. No. 31251.

*Hubka & Hubka,* for appellant.

*John E. Sidner* and *Raymond W. McNamara, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

This case presents questions of the proper procedure to secure a judicial review of the decision of an appeal tribunal

(717)

in an unemployment compensation case under the provisions of section 48-706, Comp. St. Supp. 1939; and of the service of notice by which jurisdiction of the person of necessary parties is secured in the district court.

Harry L. Brown was an employee of William M. Haith for some time prior to October 14, 1940, in Gage county. On that date Brown requested more wages, and when refused he "quit."

October 21, 1940, Haith prepared a disqualification notice, placing an "x" in the printed form opposite the following "left work voluntarily without good cause." This was supplemented by an explanatory statement.

November 21, 1940, Brown filed his claim for benefits, stating that he "quit" his job, and claiming benefits under the unemployment compensation law. The matter was investigated and a disqualification notice, dated December 11, 1940, sent Brown, reciting that the decision was that he "left work voluntarily without good cause;" that he was disqualified for the week he was "separated" and for five weeks thereafter, and was further disqualified for any week of unemployment when he did not report in person to a Nebraska state employment service office. A letter to the same effect was sent to Haith.

December 16 Haith filed an "Appeal from decision of the Claims Deputy" wherein he objected to the deputy's decision and requested a hearing before the appeal tribunal for the following specific reason: "I question the constitutionality of section 48-705. Employee leaving work voluntarily is entitled to benefits after serving six disqualifying weeks." Notice of hearing was issued on the above claim.

February 24, 1941, the appeal tribunal rendered its decision affirming the deputy except as to the date when the five weeks period began to operate.

This is all of the record as to what took place up to and including the decision of the appeal tribunal. It is taken from copies of the papers offered in evidence by the commissioner in the proceedings to which we now refer.

March 6, 1941, Haith filed in the district court for Gage

county what he denominated "An action for judicial review Petition" wherein the parties were set out as "Harry H. Brown, *Appellee,* vs. William M. Haith, *Appellant,* and O. M. Olsen, first real name unknown, Commissioner of Department of Labor, State of Nebraska, and Donald P. Miller, Chairman of the Unemployment Compensation Tribunal, *Defendants."* (The emphasis is supplied.)

In this petition Haith asserting that he "is commencing this action * * * for judicial review" sets out the procedure before the deputy and appeal tribunal; his employer status individually and through a corporation, 96 per cent. of the stock being owned by himself and wife; the employee status of Brown; and makes a series of attacks, on constitutional grounds, against the act as a whole and section 48-702(g)(4) in particular; alleges that he has been required illegally to make contributions to the fund and that Brown is not entitled to benefits; and prays that the decision of the appeal tribunal be reversed and Brown's claim for benefits dismissed. Miller demurred to the petition and the action was dismissed as to him. Olsen answered, made certain admissions, and alleged that the corporation was directly controlled by Haith; that considering the personal and corporate employees Haith had eight or more employees and came within the provisions of the law as an employer.

A journal entry shows that on April 4, 1941, the appellant, appearing in person and by counsel and the commissioner by counsel, presented evidence by stipulation and submitted the case.

The court found the act "as a whole" to be constitutional; that Haith was an employer within the provisions of the act; that section 48-702(g)(4) does not offend against the Constitution; and found generally against Haith and sustained the decision of the appeal tribunal. On motion for a new trial Haith contended that the court erred in holding that the act was constitutional; that Haith controlled the corporation; that section 48-702(g)(4), *supra,* was constitutional; that Haith was an employer within

the law; and erred in affirming the appeal tribunal. The motion for a new trial was overruled. Haith appeals and assigns seven errors upon which he relies for reversal. These vary in part from the seven grounds set out in the motion for a new trial.

Section 48-706, Comp. St. Supp. 1939, was the act in force when this matter was heard before the deputy, the appeal tribunal and the district court. The section contemplates an appeal to the courts only after the party claiming to be aggrieved "has exhausted his administrative remedies," and the decision of the appeal tribunal has become final. It then provides for a "judicial review" of those proceedings.

The act provides how this judicial review may be secured. Section 48-706 (h). First, the party aggrieved *commences* an action by petition in the district court, in which of necessity he is plaintiff, against the commissioner and "any other party to the proceeding before the appeal tribunal" who are the defendants. This clear provision as to the designation of parties was not followed in the instant case and appears to have been the foundation for the fatal error that followed. Second, the petition is to be served upon the commissioner or some one designated by him. That was done in this case. Third, there shall be left with the party so served (*i.e.*, the commissioner or party designated) "as many copies of the petition as there are defendants." There is no showing that this was done. Fourth, the commissioner shall "mail one such copy to each such defendant." There is no showing that this was done. Fifth, "The commissioner and all other parties defendant shall file their answers in said action within ten days *after notice of receipt* of such petition." Sixth, "With his answer, the commissioner shall certify and file with said court all documents and papers, together with the appeal tribunal's findings of fact and decision therein." This provision for the bringing of the record to the district court was not followed by the commissioner.

This act must be so construed that its beneficial purposes

may be effected. That does not mean that the plain provisions of the act may be entirely ignored. We are confronted with a situation which we cannot ignore, but which does not appear to have been presented to the district court, and was not presented by the parties to this court.

The employee, for whose benefit this law was enacted, is entitled to be made and remain a party to the litigation that directly affects his rights, unless he voluntarily removes himself therefrom. These facts must affirmatively appear of record. Brown initiated a claim for benefits, investigation was had and an award made. From that Haith appealed to the appeal tribunal and the award was substantially affirmed. Brown does not appear to have been dissatisfied with either award. Haith was. Haith desired a judicial review. This under the statute is a new proceeding "commencing" in the district court. Brown certainly was a party, and a necessary one, before the deputy and the appeal tribunal. The statute specifically says that he "shall be made a defendant" in the proceeding in district court. Brown was not made a party defendant. The sole purpose of Haith's petition for judicial review as expressed by its prayer was to have the decision of the appeal tribunal reversed and have Brown's claim for benefits dismissed. Certainly, Brown had a direct interest in that matter. There is no showing of a service of notice of the district court proceeding upon Brown. True, the statute provides that the petition shall be served upon the commissioner or some one designated by him "and such service shall be deemed completed service on all parties * * *," but the statute does not stop there; it continues with "but there shall be left with the party so served as many copies of the petition as there are defendants and the commissioner shall forthwith mail one such copy to each such defendant." This language so used must necessarily mean that one of the essential steps of securing service upon a defendant other than the commissioner is the leaving of a copy of the petition with the commissioner for each defendant and a mailing by the commissioner of such copy to each de-

fendant. This conclusion is strengthened by the next sentence which provides that all parties, other than the commissioner, shall answer within ten days after "notice of receipt of such petition by the commissioner." In short, a defendant, other than the commissioner, is not required to answer until ten days after he has had notice of a service of the petition upon the commissioner. It appears that the legislature intended that a defendant would have notice that the petition for judicial review was filed before his rights under the award could be affected. This conclusion is fortified by the amendment to this section (Comp. St. Supp. 1941, sec. 48-706) providing, "Upon the filing of a petition for review by the commissioner or upon the service of the petition on him, the commissioner shall forthwith send by registered mail to each other party to the proceeding a copy of such petition, and such mailing shall be deemed to be completed service upon all such parties." We must necessarily hold that the district court did not secure jurisdiction of the person of Brown by the mere service of the petition upon the commissioner. Brown made no appearance in the district court. No service is shown upon Brown; no default is entered against him; nor is reference made to him. The stipulation by which all of the evidence was admitted was by Haith and the commissioner, and makes no reference to Brown. He was likewise not considered in the proceedings in serving, allowing and settling the bill of exceptions. True, in the præcipe in this court Brown is designated as an appellee, but at that point he seems to have been sunk without a trace, for thereafter there have been filed in this court one stipulation regarding the filing of the bill of exceptions and four stipulations advancing brief day, all of which are entered into by the commissioner and Haith with no attention given to Brown. It thus appears that Brown, the employee whose claim for benefits is attacked and is directly involved in this proceeding, has been entirely ignored in this proceeding. Such disregard of the rights of a party cannot be condoned. Brown was not before the district court and he is not before

this court. Brown established certain rights in the proceedings before the deputy and the appeal tribunal. Those rights cannot be redetermined in a proceeding for judicial review to which he is not a party. The appeal is accordingly dismissed.

APPEAL DISMISSED.