TEXAS EMPLOYMENT COMMISSION
v. DANIEL.

No. 6577.

Court of Civil Appeals of Texas. Texarkana.
June 14, 1951.

Rehearing Denied Sept. 13, 1951.

C. H. Messer, Austin, Price Daniel, Atty. Gen., Charles P. Atkinson, Asst. Atty. Gen., for appellant.

Brown & Brown, Texarkana, for appellee.

HALL, Chief Justice.

Walter Daniel was an employee of the D & W Packing Company of Texarkana, Texas, from about the first of March, 1946, until about the first of March, 1950. On or about the latter date he was discharged by the packing company on account of alleged theft of scrap meat from the company's plant. After appellee's discharge by the packing company he made application to appellant for payment on account of his unemployment, his contention being that he was wrongfully discharged by the packing company. It is stipulated in the record that appellee reported to the Texas Employment Office and filed claims continuously from March 29th through July, 1950, and registered for employment on March

15th of that year. It is also stipulated in the record that appellee's initial claim filed on March 15th, was approved by the Commission for maximum benefits for $343.38, payable at the rate of $19.00 for the benefit period. It is further stipulated that appellee "pursued his remedy through the Texas Employment Commission and exhausted his administrative remedies therein and within due time filed this suit in the District Court of Bowie County, Texas." Appellee's claim was rejected by the Employment Commission.

Trial was before the court and judgment was entered for appellee for the full amount of his claim for $343.38, with one-third thereof to be deducted and paid directly to appellee's attorney.

Point one of appellant is that the trial court erred in overruling the appellant's plea to its jurisdiction. The substance of paragraph three of appellant's original answer is that the D & W Packing Company, appellee's employer, was a defendant in this case before the Employment Commission but was not a party defendant before the District Court in the trial there as required by Art. 5221b-4 (i), Vernon's Ann.Civ.St. In our opinion this presents the controlling issue on this appeal. In the trial below it was the contention of appellee that he was wrongfully discharged by the packing company; that he was taking certain parts of slaughtered carcasses of hogs, which were unfit for human consumption and were consigned to the rendering plant; and further, that this refuse meat or scraps had been taken by the employees without any objection on the part of the packing company. On the occasion when appellee was discharged he had a 10-pound bucket, a little over half full of this scrap material known as "goozle bones," and at the same time another employee, who was not discharged, was carrying a like amount of the same material. So the case before the trial court was whether or not appellee had been wrongfully discharged by his employer. If he had been, he would be entitled to his compensation, if he had been properly discharged he would not be entitled to his compensation and the finding of the Employment Commission should stand.

Art. 5221b-4 (i) provides for a review of the Commission's finding by a court of competent jurisdiction. "Within ten (10) days after the decision of the Commission has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision, *in which action any other party to the proceeding before the Commission shall be made a defendant.* Such trial shall be de novo. In such action, a petition which need not be verified, but which shall state the grounds upon which a review is sought, shall be served upon a member of the Commission or upon such person as the Commission may designate and such service shall be deemed completed service on all parties, but there shall be left with the party so served as many copies of the petition as there are defendants and the Commission shall forthwith mail one such copy to each such defendant." (Italics ours.) It is asserted in the briefs of the parties that there has been no decisions by any Texas court passing upon this particular provision of the Employment statute. We are furnished by appellant with two decisions from courts of other jurisdictions, each passing upon legislative Acts similar to the one under review here. One of these decisions is Brown v. Haith, 140 Neb. 717, 1 N.W.2d 825, 828, by the Supreme Court of Nebraska, opinion handed down in 1942. That case involved an appeal from the action of the Employment Commission of that State to the District Court. The appeal there was by the employer but the employee was not made a party defendant in the district court as provided in the Act, as in the Act before us. It was there held that the failure to make Brown, the employee, a party defendant in the trial in the district court vitiated the procedure in that court. This on the theory that Brown was an interested party in the litigation before the district court, just as here, the D & W Packing Company, the employer,

is an interested party in the action before the trial court. An adverse judgment to the finding of the Commission would certainly affect the D & W Packing Company, and as stated in the case cited: "Those rights cannot be redetermined in a proceeding for judicial review to which [it] is not a party." It must be remembered that this action is not one under common law but the trial court derives its jurisdiction to try the issues wholly and solely by statutory enactment. The procedure is minutely detailed in the Act and unless followed, it is our opinion, the jurisdiction of the trial court does not attach. The provision that "any other party to the proceeding before the Commission shall be made a defendant", is a positive command, and without a compliance therewith the jurisdiction of the District Court of Bowie County did not attach. In MacVeigh v. Division of Unemployment Compensation, 1943, 19 Wash.2d 383, 142 P.2d 900, 901, in passing upon an appeal by an employee from an adverse award by the Unemployment Compensation Division, it is said: "We are, however, confronted by the fact that from the record before us it does not appear that appellant ever perfected her appeal from the ruling of the unemployment compensation division to the superior court. The statute governing such appeals is plain, and it appears therefrom that the superior court obtains no jurisdiction to review an order of the division unless the steps prescribed by the statute have been followed." Most of the states now have enacted legislation very similar to the Act here involved, and as said by our Supreme Court in State v. Dallas Liquor Warehouse No. 4, 147 Tex. 495, 217 S.W.2d 654, 658: "It is both important and desirable that our several jurisdictions attain as much uniformity as possible in the construction of this legislation." The above quotation has direct reference to unemployment compensation legislation in the several states.

It is our conclusion, reached after a careful consideration of all the authorities available to us, as well as consideration of the able briefs filed by each of the parties to this appeal, that the trial court erred in overruling appellant's exception to the jurisdiction of the court. Therefore, the judgment of the trial court is reversed and remanded with instructions to dismiss this case from the docket of that court. What we have said above renders unnecessary a discussion of the other point raised by this appeal.

Reversed and remanded with instructions.