Dora BENAVIDEZ, Appellant,

v.

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, Appellee.

No. 03–97–00449–CV.

Court of Appeals of Texas, Austin.

Jan. 23, 1998.

Rehearing Overruled Feb. 20, 1998.

Kenneth W. Howell, John Gonzales & Associates, P.C., San Antonio, for Appellant.

Richard W. Espey, Davis, Adami & Cedillo, Inc., San Antonio, for Appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

ABOUSSIE, Justice.

Appellant Dora Benavidez initiated a claim before the Texas Workers' Compensation Commission, seeking additional compensation for an injury she had received in the course and scope of her employment. An administrative hearings officer ruled that an impairment rating previously assigned to her was final. *See* 28 Tex. Admin. Code § 130.5(e) (West 1997). Benavidez appealed the hear-

ings officer's decision to the appeals panel. On October 25, 1996, the appeals panel filed with the division its decision affirming the hearings officer's ruling.

Having exhausted her administrative remedies, Benavidez filed a district court petition naming as defendant her employer's workers' compensation insurance carrier, appellee Travelers Indemnity Company of Connecticut. She filed her district court petition on December 4, 1996, the fortieth day after the appeals panel filed its decision with the division. She did not mail a copy of the petition to the Commission until December 18, 1996, the fifty-fourth day after the appeals panel filed its decision with the division. The trial court dismissed the petition for want of jurisdiction.

At issue is whether Texas Labor Code sections 410.252 and 410.253 require that a person dissatisfied with an administrative decision of the Texas Workers' Compensation Commission file a copy of her district court petition with the Commission not later than the fortieth day after the date on which the decision of the appeals panel was filed with the division, and, if so, whether that requirement is jurisdictional. *See* Tex. Lab.Code Ann. §§ 410.252, .253 (West 1996). Answering both questions affirmatively, we will affirm the trial-court order.

## ANALYSIS

Section 410.252 provides in relevant part: A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division.

Tex. Lab.Code Ann. § 410.252 (West 1996).

Section 410.253 provides:

A copy of the petition shall be simultaneously filed with the court and the commission and served on any opposing party. *Id.* § 410.253.

■ There is no common law right to judicial review of an administrative decision. *Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 157 (Tex.App.—Austin 1993, writ denied). If a cause of action and the remedy for its enforcement are based on a statute, the statutory provi-

sions are mandatory and exclusive. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926); *Dolenz v. Texas State Bd. of Medical Examiners,* 899 S.W.2d 809 (Tex.App.—Austin 1995, no writ). Each statutory requirement in such an appeal is jurisdictional. *Id.*

The court of appeals in *Planet Insurance Co. v. Serrano,* 936 S.W.2d 35 (Tex.App.—San Antonio 1996, no writ), addressed the interaction of the statutes at issue here. The question before the *Planet Insurance* court was whether the requirement that the party seeking judicial review file "simultaneously" with the commission meant that the applicant must file its petition with the commission on the same day that it files in district court. The court concluded that the two petitions need not be filed on the same day but the requirement that the party file with the Commission within forty days was jurisdictional and mandatory. The court held that the notice to the Commission was timely since it was filed within the forty-day deadline, even though it was filed seven days after the district court petition was filed.

The *Planet Insurance* decision comports with cases interpreting prior versions of notice requirements to the Commission. *See Ward v. Charter Oak Fire Ins. Co.,* 579 S.W.2d 909, 910–11 (Tex.1979) (holding that mailbox rule applied to notice of intent to appeal ruling of Industrial Accident Board so that court had jurisdiction over cause in which notice was mailed within statutory period). *See also Lumbermen's Reciprocal Ass'n v. Henderson,* 15 S.W.2d 565 (Tex. Comm'n App.1929, holding approved) (considering whether evidence supported conclusion that notice to board had been accomplished within the statutory period).

Analogously, Texas courts interpreting Texas Labor Code section 212.201 uniformly hold that the requirement that each party to the proceeding before the Commission be made a defendant within fourteen days after the decision is final is both mandatory and jurisdictional. *See* Tex. Lab.Code Ann. § 212.201 (West 1996); *Lambeth v. Texas Unemployment Compensation Comm'n,* 362 S.W.2d 205, 206–07 (Tex.Civ.App.—Waco 1962, writ ref'd); *accord Olson v. Texas Em-*

*ployment Comm'n,* 593 S.W.2d 866, 867 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *Texas Employment Comm'n v. Daniel,* 241 S.W.2d 969, 970 (Tex.Civ.App.—Texarkana 1951, no writ).

We conclude that section 410.253's requirement that the petition be simultaneously filed with the court and the commission is subject to 410.252's requirement that the petition be filed within forty days. We hold that a copy of the petition must be filed with the Commission within forty days of the date the appeals panel filed its decision with the division. We further conclude that this requirement is jurisdictional.

### RESOLUTION

We affirm the trial court order dismissing Benavidez's petition for want of jurisdiction.