**TEXAS WORKERS' COMPENSATION INSURANCE FUND, Appellant,**

v.

**Jerome ASHY, Appellee.**

**No. 09–97–060 CV.**

Court of Appeals of Texas, Beaumont.

Submitted June 11, 1998.

Decided Aug. 13, 1998.

Jeff R. Boggess, Texas Workers Compensation, Legal Department, L. Kim Basinger, Wilson, Grosenheider, Moore & Jacobs, Austin, for appellant.

John A. Davis, Davis, McMath & Davis, Houston, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

WALKER, Chief Justice.

This is an appeal from a judgment rendered in a suit for judicial review of a decision of the Texas Workers' Compensation Commission's Appeals Panel pursuant to the Texas Workers' Compensation Act. *See generally* Tex. Lab.Code Ann. §§ 401.001–506.001 (Vernon 1996).

Since the enactment of the present Workers' Compensation Act, effective April 1,

1990, appeals are on the increase regarding the jurisdictional effect of TEX. LAB.CODE ANN. §§ 410.252 and 410.253, following the exhausting of administrative remedies. Section 410.252 provides in relevant part that a party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals' panel was filed. From a judicial review perspective, compliance with § 410.252 has been virtually non-problematic whereas interpretive understanding of § 410.253 has generated increased judicial attention. . Section 410.253 provides:

> A copy of the petition shall be simultaneously filed with the court and the commission and served on any opposing party.

TEX. LAB.CODE ANN. § 410.253

 There being no common law right to judicial review of an administrative decision, one's appellate remedy is strictly statutory. *See Benavidez v. Travelers Indem. Co.*, 960 S.W.2d 422, 423 (Tex.App.—Austin 1998, writ filed), citing *Southwest Airlines Co. v. Texas High–Speed Rail Authority*, 867 S.W.2d 154, 157 (Tex.App.—Austin 1993, writ denied). Realizing that a literal interpretation and application of the word "simultaneously" would be unduly restrictive of one's appellate remedy, "simultaneously" has come to mean that an applicant must file its petition with the Texas Workers' Compensation Commission "within" the 40–day time period provided in § 410.252. Such requirement is both mandatory and jurisdictional. *Benavidez*, 960 S.W.2d at 424. *See Planet Ins. Co. v. Serrano*, 936 S.W.2d 35, 37 (Tex.App.— San Antonio 1996, no writ). Thus, the word "simultaneous" does not mean "at the same time" suit is filed, but within the 40–day time period. *Id.* Further, the rigidity of the "40–day" rule expands somewhat through application of the "mailbox rule." *See Adkins v. Ector County Ind. School Dist.*, 969 S.W.2d 142 (Tex.App—El Paso, n.w.h.).

 Our present case is unique in that Mr. Ashy, in seeking his appeal from the Texas Workers' Compensation Commission decision, did not specifically plead compliance with § 410.253 and nothing in the record serves as evidence of non-compliance. Appellant Fund has not affirmatively shown from the record, nor does the record establish, that the trial court was without statutory jurisdiction to proceed. A review of the record clearly shows that appellee pled jurisdictional requirements, albeit appellee did not specifically plead § 410.253 compliance. From the face of the record nothing would indicate a lack of trial court jurisdiction. Since appellant Fund has failed to affirmatively show the lack of jurisdiction, we find no error and overrule appellant's point of error one.[1]

Appellant's point of error two contends that the trial court erred in failing to render findings of fact and conclusions of law. It is uncontested that appellant timely requested that the trial court prepare such findings and conclusions. It is also uncontested that the trial court did not respond to appellant's request.

 Upon proper request, the trial court has a duty to file findings of fact and conclusions of law. *See Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989) (quoting *Wagner v. Riske*, 142 Tex. 337, 343, 178 S.W.2d 117, 120 (1944)). The failure to file findings of fact and conclusions of law upon proper requests is presumed harmful, unless "the record before the appellate court affirmatively shows that the complaining party has suffered no injury." *Cherne Industries*, 763 S.W.2d at 772; *City of Los Fresnos v. Gonzalez*, 830 S.W.2d 627, 629 (Tex.App.—Corpus Christi 1992, no writ); *Anzaldua v. Anzaldua*, 742 S.W.2d 782, 784 (Tex.App.—Corpus Christi 1987, writ denied). *See also Goggins v. Leo*, 849 S.W.2d 373, 379 (Tex.App.—Houston [14th Dist.] 1993, no writ). The test for harm is whether the circumstances of the particular case would require an appellant to guess at the reason for the trial court's decision.

---

1. During oral argument appellee, without supporting brief, proffered the applicability of Rule 93(13) Texas Rules of Civil Procedure for the proposition that appellant's failure to raise the jurisdictional issue at trial results in prohibition of raising same for the first time on appeal. We allowed the parties opportunity to file supplemental briefs regarding Rule 93(13) applicability. Interesting though the question be, we choose not to address same at the present time.

*Sheldon Pollack Corp. v. Pioneer Concrete of Texas, Inc.,* 765 S.W.2d 843, 845 (Tex.App.—Dallas 1989, writ denied). The harm caused by the trial court's failure to file findings of fact and conclusions of law boils down to whether such failure denies or prevents appellant from making a proper presentation of his case on appeal. *See Eye Site, Inc. v. Blackburn,* 750 S.W.2d 274, 277 (Tex.App.—Houston [14th Dist.] 1988), *rev'd on other grounds,* 796 S.W.2d 160 (Tex.1990).

■ The Decision and Order entered by the TWCC proclaimed that Mr. Ashy's average weekly wage was to be $463.92. At trial, Ashy contended that such decision was not just, fair, and right, contending that Ashy's average weekly wage should have been $655.26. Appellant Fund contends that the trial court's failure to file findings of fact and conclusions of law forces Fund to guess the reason or reasons that the trial court ruled that Ashy's average weekly wage was $565.

Section 408.041 provides alternative theories for determining average weekly wage:

(a) Except as otherwise provided by this subtitle, the average weekly wage of an employee who has worked for the employer for at least the 13 consecutive weeks immediately preceding an injury is computed by dividing the sum of the wages paid in the 13 consecutive weeks immediately preceding the date of the injury by 13.

(b) The average weekly wage of an employee whose wage at the time of injury has not been fixed or cannot be determined or who has worked for the employer for less than the 13 weeks immediately preceding the injury equals:

(1) the usual wage that the employer pays a similar employee for similar services; or

(2) if a similar employee does not exist, the usual wage paid in that vicinity for the same or similar services provided for remuneration.

(c) If Subsection (a) or (b) cannot reasonably be applied because the employee's employment has been irregular or because the employee has lost time from work during the 13–week period immediately preceding the injury because of illness, weather, or another cause beyond the control of the employee, the commission may determine the employee's average weekly wage by any method that the commission considers fair, just, and reasonable to all parties and consistent with the methods established under this section.

Ashy, at trial, set forth his theory of the case which contended that Subsection C of § 408.041 should represent the law of the case. Appellee testified at trial that for the 11 or 12 weeks prior to the accident made the basis of the lawsuit, appellee had been unable to work "unfettered" due to interference with work due to therapy for a prior on the job injury. Ashy testified that the only accurate basis for evaluating his earning capacity was to employ the first two weeks of his employment. It was at the end of the first two weeks of employment that appellee suffered his first of two on the job injuries. Appellant vigorously contends that the trial court should have applied the "13–week period immediately preceding the injury ..." and that Ashy failed to show that his lost time for work during this 13–week period was due to illness, weather, or other causes beyond the control of the employee. Ashy testified that during this 13–week period he lost time due to causes beyond his control in that he was receiving treatment for physical therapy for a previous on the job injury. At the conclusion of all the evidence, the trial court made the following determination:

THE COURT: Here is the finding of the Court. Based upon everyone's figures, here is what I've come up with for an average weekly wage; $565 per week. That would be the ruling of the Court.

MS. BASINGER: Do we have any finding as to how the Court arrived at that?

THE COURT: Just and right.

MS. BASINGER: No other ruling on that, Your Honor?

THE COURT: Huh-uh. Based upon the evidence before me, all the numbers that both of you put up there.

MS. BASINGER: Based upon the evidence and the numbers.

THE COURT: Yes.

The record in this cause speaks as to how the trial court reached its ultimate ruling. The trial court emphatically stated that its ruling was based upon the evidence submitted to which appellant made no further inquiry. The record before us affirmatively shows how the trial court reached its ruling. Consequently, we find no harm suffered by appellant resulting from the trial court's failure to file findings of fact and conclusions of law. We overrule appellant's point of error two.

Point of error three, as a shade of point of error two, addresses legal and factual sufficiency of the evidence to support the trial court's determination of average weekly wage.

■ Regarding appellant's legal sufficiency challenge, appellant must demonstrate that there is no evidence to support the adverse finding. See Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex.1983). In reviewing no evidence points we consider only the evidence and inferences that tend to support the findings and disregard all evidence and inferences to the contrary. State Farm Fire & Cas. Co. v. Simmons, 963 S.W.2d 42, 44 (Tex.1998); Minnesota Mining & Mfg. Co. v. Nishika Ltd., 953 S.W.2d 733, 738 (Tex.1997). Recently, our Texas Supreme Court has determined that in reviewing no evidence points of error, the reviewing court must consider all of the record evidence in a light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference deducible from the evidence is to be indulged in that party's favor. Associated Indem. Corp. v. Cat Contracting, Inc., 964 S.W.2d 276, 285–86 (Tex.1998).

In reviewing appellant's factual sufficiency of the evidence challenge, we also consider all the evidence. Plas–Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex.1989); Lofton v. Texas Brine Corp., 720 S.W.2d 804, 805 (Tex.1986). In reviewing factual sufficiency challenges, we must first consider, weigh, and examine all the evidence which supports and which is contrary to the trial court's determination. Plas–Tex, Inc., 772 S.W.2d at 445; Sosa v. City of Balch Springs, 772 S.W.2d 71, 72 (Tex.1989). After properly considering the record, we should set aside the trial court's finding only if the evidence which supports the finding is so weak as to be clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986).

■ The evidence shows that Ashy missed work during the 11 or 12 week period prior to his accident because he was in therapy. As previously stated, appellant contends that Ashy offered no proof to show that his missing time from work was due to "illness" or "weather" in compliance with TEX. LAB.CODE § 408.041(c). The evidence before the trial court adequately supports the fact that Ashy missed work for "another cause beyond the control of the employee...." The evidence offered by Ashy showed that Ashy had been unable to work a full schedule due to physical therapy appointments. Appellee further offered evidence that the physical therapy appointments caused him to lose the opportunity to earn wages at his job. We conclude that the evidence is legally and factually sufficient to support the trial court's judgment. Point of error three is overruled. The judgment of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result. My brethren, citing Benavidez v. Travelers Indem. Co. of Conn., 960 S.W.2d 422, 424 (Tex.App.—Austin 1998, writ filed) and Planet Ins. Co. v. Serrano, 936 S.W.2d 35, 37 (Tex.App.—San Antonio 1996, no writ), hold the requirement of section 410.253 that a copy of the petition be filed simultaneously with the commission is jurisdictional. I respectfully disagree.

This notion that section 410.253 is a jurisdictional requirement first appeared in Planet Ins. Co. v. Serrano where the San Antonio court stated:

This court has previously held that the 40–day requirement for filing suit in the district court is mandatory and jurisdictional. Morales v. Employers Cas. Co., 897 S.W.2d 866, 868 (Tex.App.—San Antonio 1995, writ denied). In construing the statute as a whole, and taking into account all of the considerations noted above, we conclude that while service on the Commission within the 40–day period is also man-

datory and jurisdictional, the requirement of simultaneous service on the Commission is directory because it is included for the purpose of promoting the proper, orderly, and prompt conduct of business.

*Planet Ins.*, 936 S.W.2d at 37.

With all due respect to my San Antonio colleagues, there was no meaningful analysis of the statute or discussion of legislative history. While the San Antonio court relied upon *Morales v. Employers Cas. Co.*, 897 S.W.2d 866 (Tex.App.—San Antonio 1995, writ denied), they did not quote this opinion, which stated:

> This is a case of first impression under the "new" act, but there have been several opinions under the "old" act. Under the former Workers' Compensation Act, Art. 8307, sec. 7, the filing deadline for appealing from a decision of the Industrial Accident Board was mandatory and jurisdictional. [citations omitted] There is no reason to distinguish between the statutory 20 day filing requirements under the old workers' compensation law and the 40 day filing requirement in the new law. Compare TEX. LAB. CODE § 410.252(a) (Vernon Supp.1994) with TEX. REV. CIV. STAT. ANN., art. 8307 § 5 (Vernon 1967). Consequently, we hold that the 40 day filing requirement is mandatory and jurisdictional.

*Morales*, 897 S.W.2d at 868.

The Austin court in *Benavidez*, under a section titled "Analysis" stated:

> The *Planet Insurance* decision comports with cases interpreting prior versions of notice requirements to the Commission. *See Ward v. Charter Oak Fire Ins. Co.*, 579 S.W.2d 909, 910–11 (Tex.1979) (holding that mailbox rule applied to notice of intent to appeal ruling of Industrial Accident Board so that court had jurisdiction over cause in which notice was mailed within statutory period). *See also Lumbermen's Reciprocal Ass'n v. Henderson*, 15 S.W.2d

565 (Tex. Comm'n App.1929, holding approved) (considering whether evidence supported conclusion that notice to board had been accomplished within the statutory period).

> Analogously, Texas courts interpreting Texas Labor Code section 212.201 uniformly hold that the requirement that each party to the proceeding before the Commission be made a defendant within fourteen days after the decision is final is both mandatory and jurisdictional. *See* Tex. Lab.Code Ann. § 212.201 (West 1996); *Lambeth v. Texas Unemployment Compensation Comm'n*, 362 S.W.2d 205, 206–07 (Tex.Civ.App.—Waco 1962, writ ref'd); *accord Olson v. Texas Employment Comm'n*, 593 S.W.2d 866, 867 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.); *Texas Employment Comm'n v. Daniel*, 241 S.W.2d 969, 970 (Tex.Civ. App.—Texarkana 1951, no writ).

> We conclude that section 410.253's requirement that the petition be simultaneously filed with the court and the commission is subject to 410.252's requirement that the petition be filed within forty days. We hold that a copy of the petition must be filed with the Commission within forty days of the date the appeals panel filed its decision with the division. We further conclude that this requirement is jurisdictional.

*Benavidez*, 960 S.W.2d at 423—424.

The analogy relied upon by the Austin Court is misplaced. Section 212.201 [1] of the Labor Code deals with unemployment compensation and requires suit *against* the Texas Employment Commission while none of the sections under chapter 410 *require* the Texas Workers' Compensation Commission to be a party.

The San Antonio Court alludes to TEX. REV .CIV. STAT. ANN., art. 8307 § 5 (Vernon 1967) and the Austin Court cites *Ward v.*

---

1. TEX. LAB.CODE ANN. § 212.201 (Vernon 1996) provides:

**§ 212.201. Commencement of Judicial Review; Defendants**

(a) A party aggrieved by a final decision of the commission may obtain judicial review of the decision by bringing an action in a court of competent jurisdiction for review of the decision against the commission on or after the date on which the decision is final, and not later than the 14th day after that date.

*Charter Oak Fire Ins. Co.,* 579 S.W.2d 909 (Tex.1979).

The Supreme Court, in *Ward,* stated:

Section 5 of Article 8307 provides, in pertinent part:

> Any interested party who is not willing and does not consent to abide by the final ruling and decision of [the Industrial Accident Board] shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision.

Section 5 has been strictly construed to mean that the above notice provision is not complied with when the notice is mailed and should have arrived at the Board within twenty days of the Board's ruling, but arrived late because of a mistake of the United States Post Office or because the twentieth day falls on a legal holiday. [citations omitted] The rationale underlying this statutory construction is that the United States Post Office is the agent of the party that selects the mail as the vehicle of delivery; therefore, any delay resulting from the Post Office's negligence is attributable to the sender. *See, e. g., American Motorists Insurance Co. v. Box,* [531 S.W.2d 401, 405 (Tex.Civ.App.Tyler 1976, writ ref'd n.r.e.) ].

The above construction and rationale would lead to a harsh and inequitable result in this case. We are confronted with the fact that Gloria Ward, employing a method of giving notice that is almost universally recognized, deposited her notice of intention to appeal in the mail at a time when it should have reached the Industrial Accident Board within twenty days of the Board's ruling. Because of a Post Office mistake beyond Ward's control, the notice was not accepted by the Board until two days after the expiration of the twenty-day period. As a result, Ward has been denied her day in court.

A full reading of the Worker's Compensation Law reveals that the Legislature did not intend this result. The Worker's Compensation Law is to be liberally construed to effectuate the remedies which it grants. *See Tate v. Standard Accident Insurance Co.,* 32 S.W.2d 932 (Tex.Civ.App.Beaumont 1930, writ ref'd); *Travelers Insurance Co. v. Johnson,* 131 S.W.2d 242 (Tex.Civ. App.—Beaumont 1939, writ dism'd judgmt cor.). We therefore conclude that if the notice of intention to appeal from a ruling of the Industrial Accident Board is sent to the Board by first-class United States mail in an envelope or wrapper properly addressed and stamped, and the notice is deposited in the mail one day or more before the expiration of the twenty-day statutory period and received by the Board not more than ten days after the expiration of the statutory period, then the notice shall be deemed timely filed. In the interest of uniformity, this construction of Section 5 of Article 8307 coincides with the notice provisions of Rule 5 of the Texas Rules of Civil Procedure. To the extent that any cases conflict with this construction of Section 5, they are overruled.

*Ward,* 579 S.W.2d at 910—911.

The gravamen of *Ward* was lost on our two sister courts. While the twenty (20) day filing requirement of § 5 of Article 8307 was held to be jurisdictional, the court would not adopt a construction and rationale that would lead to a harsh and inequitable result. They acknowledged the Legislature did not intend such a result and the workers' compensation law was to be liberally construed to effectuate its remedies.

To me, the present legislative scheme is clear. Section 410.251[2] requires administrative remedies to be exhausted before seeking judicial review. Section 410.252[3] allows a party to seek judicial review by filing suit,

---

**2.** § 410.251. Exhaustion of Remedies

A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, if applicable.

**3.** § 410.252. Time for Filing Petition; Venue

(a) A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division.

(b) The party bringing suit to appeal the decision must file a petition with the appropriate court in:

with the appropriate court, not later than the 40th day after the date on which the decision of the appeals panel was filed. Section 410.253 [4] directs that a copy of the petition, which was filed in the appropriate court, shall be simultaneously filed with the commission. Section 410.254 [5] allows the commission to intervene in any judicial proceeding.

The only stated requirements for seeking judicial review are exhausting administrative remedies and timely filing a lawsuit. Had the legislature wanted the filing of the petition *with the commission* to be jurisdictional, they would have included such a requirement in § 410.252. I believe the purpose of the "simultaneous" filing requirement is to provide the commission notice to enable them to exercise their right to intervene under § 410.254. *See Sinclair v. Albertson's Inc.,* No. 06–97–00105–CV, 1998 WL 380984, —— S.W.2d —— (Tex.App.—Texarkana July 10, 1998, n.w.h.)(not yet released for publication).

Consequently, I concur in the result.

(1) the county where the employee resided at the time of the injury or death, if the employee is deceased; or

(2) in the case of an occupational disease, in the county where the employee resided on the date disability began or any county agreed to by the parties.

**4.** § 410.253. Service

A copy of the petition shall be simultaneously filed with the court and the commission and served on any opposing party.

**5.** § 410.254. Commission Intervention

On timely motion initiated by the executive director, the commission shall be permitted to intervene in any judicial proceeding under this subchapter or Subchapter G.