TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00743-CV






City of Port Arthur, Appellant



v.



Southwestern Bell Telephone Company and Public Utility


Commission of Texas, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 99-03584-A, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING







 Appellant, the City of Port Arthur (the City), appeals the district court's striking
of its plea in intervention. We will affirm.


Background

 On December 18, 1997, appellee Southwestern Bell Telephone Company (SWB)
filed an application for rate group reclassification with appellee Public Utility Commission (the
Commission). The application was referred to the State Office of Administrative Hearings for a
hearing before an administrative law judge. (1) The hearing was held in September 1998, and the
judge issued a proposed decision on November 17, 1998. The Commission adopted the proposed
decision on January 26, 1999. The City was not a party to and did not participate in the
administrative proceeding. On January 29, 1999, after the Commission adopted the proposed
decision, the City filed a motion to intervene in the proceeding and asked for reconsideration of
the Commission's decision. The Commission did not act on the motion, which was overruled as
a matter of law. The City did not file a motion for rehearing of the overruling of its intervention. 
SWB filed for judicial review of the Commission's decision in the district court, and the City filed
a petition in intervention in the district court review proceeding. When it filed its petition in
intervention, the City also served discovery on SWB. SWB objected to the discovery requests
and, joined by the Commission, moved to strike the City's petition in intervention. The district
court struck the petition and severed the City's action. The City now appeals the district court's
striking of its petition in intervention.


Analysis

 On appeal, the City complains that the district court erred in denying it permission
to intervene in SWB's suit for judicial review. This denial, argues the City, violates the Open
Courts and Due Process provisions of the Texas Constitution. See Tex. Const. art. I, §§ 13, 19. 
The City also contends the district court erred in refusing it permission to conduct discovery
before overruling its petition in intervention. (2)

Was the intervention properly denied?

 We review the denial of a petition in intervention for abuse of discretion. See Tex.
R. Civ. P. 60; Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex.
1990); Miami Indep. Sch. Dist. v. Moses, 989 S.W.2d 871, 878 (Tex. App.--Austin 1999, pet.
denied). A trial court abuses its discretion in denying an intervention if: (1) the intervenor could
have brought the same action in its own name, at least in part, or, had the action been brought
against it, could have defeated recovery, at least in part; (2) the intervention will not unduly
complicate the case, and; (3) the intervention is almost essential to protecting the intervenor's
interest. See Guaranty Fed. Sav. Bank, 793 S.W.2d at 657; Moses, 989 S.W.2d at 878. Once
a motion to strike the intervention is filed, the would-be intervenor bears the burden of showing
it has a justiciable interest in the lawsuit. See Mendez v. Brewer, 626 S.W.2d 498, 499 (Tex.
1982); Potash Corp. v. Mancias, 942 S.W.2d 61, 64 (Tex. App.--Corpus Christi 1997, no writ). 
Generally, a motion to intervene must be made before judgment is rendered, and once judgment
is rendered, a plea in intervention cannot be considered until the judgment has been set aside. 
See State & County Mut. Fire Ins. Co. v. Kelly, 915 S.W.2d 224, 227 (Tex. App.--Austin 1996,
no writ).

 Commission proceedings are governed by three sets of legislatively enacted
procedures and rules--the Public Utility Regulatory Act (PURA), (3) the Administrative Procedure
Act (APA), (4) and the Administrative Code. (5) See PURA § 11.007(a); 16 Tex. Admin. Code
§ 22.1(b)(1). Any party to a Commission proceeding is entitled to judicial review of that decision
under the substantial evidence rule. See PURA § 15.001. As a prerequisite to obtaining judicial
review of a Commission decision, the appealing party must have filed a motion for rehearing in
the underlying administrative proceeding. See APA § 2001.145(a). The rules define parties to
Commission proceedings as applicants, complainants, respondents, intervenors, or general
counsel. See 16 Tex. Admin. Code § 22.102(a). An entity that has not intervened or has been
denied permission to intervene in a Commission proceeding is not a party. See id. § 22.102(c).

 The City did not participate in the administrative hearing in any capacity before the
Commission issued its decision and did not obtain permission to intervene in the administrative
proceeding; the City, therefore, was not a party to the proceeding and does not have a statutory
right to judicial review of the Commission's decision. See id.; PURA § 15.001. After the
overruling of its untimely filed motion to intervene in the administrative proceeding, the City did
not file a motion for rehearing of that or any other Commission decision, as is required for
judicial review. See APA § 2001.145(a). The City was not a party to the proceeding and did not
file the requisite motion for rehearing. For either of those reasons, the City would be unable to
bring an action for judicial review in its own name and therefore has not met its burden of
showing its right to intervene in the district court. The City cites this Court to no authority
entitling one to intervene in a district court suit for judicial review of an agency's decision
concerning an administrative proceeding to which it was not a party. Thus, it has failed to
demonstrate that the district court abused its discretion in striking the City's plea in intervention. 
We overrule the City's first issue on appeal.


Did the City have the right to seek discovery?

 Judicial review of an administrative decision made by the Commission is conducted
under the substantial evidence rule. See PURA § 15.001. In conducting a substantial evidence
review, generally the reviewing court considers only the evidence in the agency record. See APA
§ 2001.175(e). The reviewing court may (1) receive evidence of procedural irregularities alleged
to have occurred before the agency, or (2) remand the cause to the agency for the presentation of
additional evidence if a party applies to present such evidence and the reviewing court finds the
evidence is material and good cause excused its absence from the record. See id. § 2001.175(c),
(e). We review the decision of whether to remand a cause for additional evidence under section
2001.175(c) for an abuse of discretion. See Gulf States Utils. Co. v. Coalition of Cities for
Affordable Util. Rates, 883 S.W.2d 739, 747-48 (Tex. App.--Austin 1994), rev'd on other grounds
sub nom. Gulf States Utils. Co. v. Public Util. Comm'n, 947 S.W.2d 887, 891-92 (Tex. 1997);
Buttes Resources Co. v. Railroad Comm'n, 732 S.W.2d 675, 680 (Tex. App.--Houston [14th Dist.]
1987, writ ref'd n.r.e.).

 The City cannot be considered a party to this cause, as discussed above, and has
no grounds to present new evidence under section 2001.175(c). Even if the City could attempt
to present evidence, it has not shown it so applied or that it could have met the requirements of
section 2001.175(c). Without the presentation to the Commission of additional, material evidence,
excused by good cause from inclusion in the administrative record, the district court's review was
confined to the administrative record and the City was not entitled to present additional evidence. 
The City has not shown that the district court abused its discretion in denying the City the
opportunity to seek discovery. We overrule the City's second issue on appeal.


Open Courts and Due Process concerns

 The City argues that its exclusion from the district court proceedings violates the
Open Courts and Due Process provisions of the Texas Constitution. See Tex. Const. art. I,
§§ 13, 19. We disagree.

 The City's claim that the district court's striking of the petition in intervention
violated the City's due process rights fails because municipalities do not enjoy such rights. See
Proctor v. Andrews, 972 S.W.2d 729, 734 (Tex. 1998). To claim an "Open Courts" violation,
the City must satisfy a two-part test, showing first that its recognized common-law cause of action
is being restricted, and second, that the restriction is unreasonable or arbitrary when balanced
against the purpose of the statute. See Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 355 (Tex.
1990). The City's Open Courts argument fails because there is no common-law cause of action
for judicial review of an agency's administrative act. See Benavidez v. Travelers Idem. Co., 960
S.W.2d 422, 423 (Tex. App.--Austin 1998), rev'd on other grounds, 985 S.W.2d 458, 459 (Tex.
1999); Southwest Airlines Co. v. Texas High-Speed Rail Auth., 867 S.W.2d 154, 157 (Tex.
App.--Austin 1993, writ denied). We overrule the City's third issue on appeal.


Conclusion

 Having overruled the City's issues on appeal, we affirm the district court's
judgment striking the City's petition in intervention.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 2, 2000

Publish

1. The record before us consists only of pleadings filed in the district court; it does not include
the record from the underlying administrative proceeding or the complete record in the cause from
which this matter was severed. The facts concerning the administrative proceeding are taken from
the parties' briefs to this Court and pleadings filed in the district court. See Tex. R. App. P.
38.1(f).
2. The City's issues on appeal are directed to the district court's denial of its intervention. 
Nevertheless, the City also criticizes, and the appellees defend, the underlying administrative
proceeding. Further, the City represents that subsequent to the severance, the district court
remanded SWB's rate application to the Commission for a new administrative hearing, and asks
us to direct the Commission to allow the City to participate in the hearing. Our record on appeal
does not contain the records from the administrative proceeding or from SWB's severed suit for
judicial review. Those matters are not before us. This appeal concerns only the district court's
striking of the City's petition in intervention; it does not concern events occurring in the cause
from which it was severed or at the administrative level. We decline to instruct the Commission
on its administrative proceedings and confine our analysis to the district court's actions
complained about in this appeal.
3. Tex. Util. Code Ann. §§ 11.001-64.158 (West 1998 & Supp. 2000).
4. Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2000).
5. 16 Tex. Admin. Code §§ 22.1-.342 (1999).


tional evidence under section
2001.175(c) for an abuse of discretion. See Gulf States Utils. Co. v. Coalition of Cities for
Affordable Util. Rates, 883 S.W.2d 739, 747-48 (Tex. App.--Austin 1994), rev'd on other grounds
sub nom. Gulf States Utils. Co. v. Public Util. Comm'n, 947 S.W.2d 887, 891-92 (Tex. 1997);
Buttes Resources Co. v. Railroad Comm'n, 732 S.W.2d 675, 680 (Tex. App.--Houston [14th Dist.]
1987, writ ref'd n.r.e.).

 The City cannot be considered a party to this cause, as discussed above, and has
no grounds to present new evidence under section 2001.175(c). Even if the City could attempt
to present evidence, it has not shown it so applied or that it could have met the requirements of
section 2001.175(c). Without the presentation to the Commission of additional, material evidence,
excused by good cause from inclusion in the administrative record, the district court's