# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00280-CV

## In re Texas State Board of Public Accountancy

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

The Texas State Board of Public Accountancy, relator in this original proceeding, has filed a petition for writ of mandamus, complaining of the trial court's order denying the Board's motion for protective order and allowing the real parties in interest, three individual accountants who sought judicial review of the Board's disciplinary decisions, to conduct discovery in their suits for judicial review.[1] *See* Tex. R. App. P. 52.8. Because the statutes governing judicial review of agency proceedings do not provide for the application of general rules of discovery to administrative proceedings, we conditionally grant mandamus relief.

Judicial review of an administrative decision is conducted under the Administrative Procedure Act ("APA"), applying a strict construction of the governing statutes. *See City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006) (courts should strictly construe statutes waiving sovereign and governmental immunity); *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d

---

[1] The Board also filed a motion for temporary relief, which we granted in an order issued May 27, 2009, staying the trial court's discovery order pending our resolution of the petition.

558, 566 n.4 (Tex. App.—Austin 2008, pet. filed) ("When considering provisions governing statutorily granted judicial review of administrative decisions, we must adhere strictly to the rules as set by the legislature . . . ."); *see also* Tex. Gov't Code Ann. § 311.034 (West Supp. 2008) ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."); *Texas Workers' Comp. Ins. Fund v. Ashy*, 972 S.W.2d 208, 210 (Tex. App.—Beaumont 1998, pet. denied) ("There being no common law right to judicial review of an administrative decision, one's appellate remedy is strictly statutory."). Our primary objective in construing a statute is to ascertain and give effect to the Legislature's intent, beginning with the plain meaning of the statutory language. *City of Houston*, 192 S.W.3d at 770. When a statute is unambiguous, we apply the statute as written. *Id.*

Section 2001.171 of the APA provides a statutory right of judicial review from administrative orders in contested-case proceedings, thereby waiving sovereign immunity as to claims within its scope. Tex. Gov't Code Ann. § 2001.171 (West 2008); *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 173 (Tex. 2004). Section 2001.175 provides that in a substantial evidence review, a trial court "is confined to the agency record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the record." Tex. Gov't Code Ann. § 2001.175(e) (West 2008). It is this provision on which the real parties in interest rely in seeking to conduct discovery related to their allegations of procedural irregularities. However, although a trial court "may receive evidence" related to alleged irregularities, section 2001.175(e) does not provide either a process for obtaining such evidence or that discovery rules set out in the rules of civil procedure may be employed. *See id.*

2

In other words, the trial court may allow parties to introduce evidence outside the record that is related to allegations of procedural irregularities, but section 2001.175 does not go further to authorize the application of the rules of civil procedure to allow a party to develop or discover that evidence. Allowing the application of discovery rules in suits for judicial review of administrative cases could result in governmental agencies being inundated with time-consuming discovery requests, despite the APA's general restrictions on the evidence that may be considered, when complaining parties realize they need only allege procedural irregularities to initiate a new round of discovery at the judicial review level despite the fact that discovery tools have already been available to the parties at the administrative level. Such a result would thwart the APA's limitations on the standard and scope of judicial review and would vastly expand the APA's otherwise restricted waiver of governmental immunity.

Subchapter D of the APA, which applies to contested cases at the agency level, specifies that parties to contested cases should employ discovery rules and rules of evidence set out in the rules of civil procedure and rules of evidence. *See id.* §§ 2001.081 (rules of evidence apply in contested cases), .083 ("In a contested case, a state agency shall give effect to the rules of privilege recognized by law."), .091 (on party's motion and with notice, subject to "limitations of the kind provided for discovery under the Texas Rules of Civil Procedure," agency may order production of document or inspection of property) (West 2008); *see also id.* §§ 2001.092-.103 (West 2008) (governing discovery of identity of witnesses or potential party, discovery of previous statement, issuance of commission requiring witness deposition, when agency board member may be deposed, place of deposition, deposition objections, preparation, submission, and use of deposition, and

3

payment of deponent's expenses).  In contrast to those provisions, section 2001.175 does not refer to the conducting of discovery, nor does subchapter G, which governs the judicial review of a final decision in a contested case, provide that an aggrieved party may turn to the rules of civil procedure to conduct discovery in a suit for judicial review of an agency proceeding.  *See id.* § 2001.175; *see also id.* §§ 2001.171-.178 (West 2008) (subchapter G).  Considering the legislature's reference to discovery rules in subchapter D and the omission of such reference in subchapter G, it is apparent that the legislature knew how to make the rules of civil procedure applicable to suits for judicial review and chose not to do so.  *See CenterPoint Energy Houston Elec., LLC v. Gulf Coast Coalition of Cities*, 252 S.W.3d 1, 15 (Tex. App.—Austin 2008, pet. filed) ("We presume that every word was deliberately chosen and that excluded words were left out on purpose.").

Strictly construing section 2001.175 and viewing it in context of the rest of the APA, we hold that the trial court erred in denying relator's motion for a protective order and in allowing the real parties in interest to use discovery rules in the judicial review of administrative proceedings. We conditionally grant the Board's petition for writ of mandamus.  Writ will issue only in the unlikely event that the trial court does not act in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed:  August 14, 2009

4