# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-09-00280-CV

### In re Texas State Board of Public Accountancy

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### O P I N I O N

We withdraw our opinion of August 14, 2009, and substitute this in its place.

The Texas State Board of Public Accountancy, relator in this original proceeding, has filed a petition for writ of mandamus, complaining of the district court's order denying the Board's motion for protective order and allowing the real parties in interest, three individual accountants who sought judicial review of the Board's disciplinary decisions, to conduct discovery in their suits for judicial review.[1] *See* Tex. R. App. P. 52.8. Because the statutes governing judicial review of agency proceedings do not provide for the application of general discovery procedures to the appeal of administrative proceedings, we conditionally grant mandamus relief.

Judicial review of an administrative decision is conducted under the Administrative Procedure Act ("APA"), applying a strict construction of the governing statutes. *See City of*

---

[1] The Board also filed a motion for temporary relief, which we granted in an order issued May 27, 2009, staying the district court's discovery order pending our resolution of the petition.

*Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006) (courts should strictly construe statutes waiving sovereign and governmental immunity); *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 566 n.4 (Tex. App.—Austin 2008, pet. denied) ("When considering provisions governing statutorily granted judicial review of administrative decisions, we must adhere strictly to the rules as set by the legislature . . . ."); *see also* Tex. Gov't Code Ann. § 311.034 (West Supp. 2008) ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."); *Texas Workers' Comp. Ins. Fund v. Ashy*, 972 S.W.2d 208, 210 (Tex. App.—Beaumont 1998, pet. denied) ("There being no common law right to judicial review of an administrative decision, one's appellate remedy is strictly statutory."). Our primary objective in construing a statute is to ascertain and give effect to the Legislature's intent, beginning with the plain meaning of the statutory language. *City of Houston*, 192 S.W.3d at 770. When a statute is unambiguous, we apply the statute as written. *Id.*

Section 2001.171 of the APA provides a statutory right of judicial review from administrative orders in contested-case proceedings, thereby waiving sovereign immunity as to claims within its scope. Tex. Gov't Code Ann. § 2001.171 (West 2008); *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 173 (Tex. 2004). Section 2001.175 provides that in conducting a substantial evidence review, a district court "is confined to the agency record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the record." Tex. Gov't Code Ann. § 2001.175(e) (West 2008). It is this provision on which the real parties in interest rely in seeking to conduct discovery at the district court level related to their allegations of procedural irregularities. However, although a district court "may receive evidence" related to alleged irregularities,

2

section 2001.175(e) does not provide that discovery rules set out in the rules of civil procedure may be employed in the district court. *See id.* In other words, the district court may allow parties to introduce evidence outside the record that is related to allegations of procedural irregularities, but section 2001.175 does not go further to authorize the application of general discovery procedures set out in the rules of civil procedure to allow a party to discover that evidence from other parties or non-parties in the district court after the matter has been concluded at the agency level.

Subchapter D of the APA, which applies to contested cases at the agency level, specifies that parties in an administrative proceeding may employ discovery rules and rules of evidence set out in the rules of civil procedure and rules of evidence. *See id.* §§ 2001.081 (rules of evidence apply in contested cases), .083 ("In a contested case, a state agency shall give effect to the rules of privilege recognized by law."), .091 (on party's motion and with notice, subject to "limitations of the kind provided for discovery under the Texas Rules of Civil Procedure," agency may order production of document or inspection of property) (West 2008); *see also id.* §§ 2001.092-.103 (West 2008) (governing discovery of identity of witnesses or potential party, discovery of previous statement, issuance of commission requiring witness deposition, when agency board member may be deposed, place of deposition, deposition objections, preparation, submission, and use of deposition, and payment of deponent's expenses). This is understandable because the agency level is effectively the trial level for administrative proceedings, and the district court is the first stage of appellate review. If discovery is wrongfully denied at the agency level, that decision is subject to review by the courts. Thus, as in other civil proceedings, discovery in an administrative proceeding is conducted at the agency level, which is, for practical purposes, the trial level. Appellate review is then largely limited to the record as developed at the trial level. *See, e.g.,*

*Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.) (appellate court usually may not consider matters outside appellate record). In administrative proceedings, as per section 2001.175(e), an exception to this general rule is that the district court may "receive" additional evidence pertaining to irregularities at the agency level.[2]

In contrast to the provisions allowing for discovery at the administrative level, section 2001.175 does not refer to the conducting of discovery, nor does subchapter G, which governs the judicial review of a final decision in a contested case, provide that a party may conduct a second round of discovery in a suit for judicial review of an agency proceeding.[3] *See* Tex. Gov't Code Ann. § 2001.175; *see also id.* §§ 2001.171-.178 (West 2008) (subchapter G). Considering the legislature's reference to discovery rules in subchapter D and the omission of such reference in

---

[2] This is the only exception set out in section 2001.175(e). There is no statutory exception or authorization for the parties to conduct additional discovery at the district court level.

[3] Relators argue that this conclusion is inconsistent with dicta in our opinion in *Purolator Armored, Inc. v. Railroad Commission*, 662 S.W.2d 700 (Tex. App.—Austin 1983, no writ). We disagree. In *Purolator*, the panel stated, "It is therefore plain that not *all* the Texas Rules of Civil Procedure are applicable to *every* proceeding in the district courts of the State." *Id.* at 703 n.4. The court explained that the rules of civil procedure were designed to govern "ordinary civil case[s]" and that a trial court's purely statutory jurisdiction over suits for judicial review of administrative proceedings "requires the court to exercise its special statutory power of decision in a special way, and in these proceedings the Texas Rules of Procedure may be irrelevant and even contradictory." *Id*. at 702 n.4. The court went on to state that in an ordinary administrative case, the rules of civil procedure governing issuable facts, evidence and depositions, and jury trials are "inapplicable and contradictory of the manner of proceeding authorized by APTRA in cases where review is based upon the agency record and governed by the substantial evidence rule." *Id*. at 702-03 n.4. The court also observed that if the rules of procedure conflict with statute, "the rule must yield," and that when a district court is asked to conduct appellate review of an administrative decision, the rules apply only as far as they "'are not in derogation of the purposes and objectives of the statute.'" *Id.* at 703 n.4 (quoting *Standard Oil Co. v. Railroad Comm'n*, 215 S.W.2d 633, 636 (Tex. Civ. App.—Austin 1948, writ ref'd n.r.e.)). Our holding here is consistent with the *Purolator* panel's observations that "not each and every rule is thereby incorporated in the special proceeding, and only those suited to the nature of the special proceeding are applicable." *Id.*

subchapter G, it is apparent that the legislature knew how to make discovery rules applicable in suits for judicial review and chose not to do so in the context of allegations of irregularities at the agency level. *See CenterPoint Energy Houston Elec., LLC v. Gulf Coast Coalition of Cities*, 252 S.W.3d 1, 15 (Tex. App.—Austin 2008, pet. granted) ("We presume that every word was deliberately chosen and that excluded words were left out on purpose.").

Allowing the general application of discovery procedures in suits for judicial review of administrative cases could result in governmental agencies being inundated with additional time-consuming discovery requests after the matter has already gone through discovery and reached a resolution at the agency level, this despite the APA's general restrictions on the evidence that may be considered in a judicial review of an administrative proceeding. Such a result would thwart the APA's limitations on the standard and scope of judicial review and would vastly expand the APA's otherwise restricted waiver of governmental immunity. Strictly construing section 2001.175 and viewing it in context of the rest of the APA, we hold that the district court erred in denying relator's motion for a protective order and in allowing the real parties in interest to conduct discovery at the district court pursuant to section 2001.175(e). We conditionally grant the Board's petition for writ of mandamus. Writ will issue only in the unlikely event that the trial court does not act in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed: January 14, 2010