PACIFIC EMPLOYERS INSURANCE
COMPANY, Appellant,

v.

Michael REYNOLDS, Appellee.

No. 04–96–00915–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 29, 1997.

Rehearing Overruled Nov. 25, 1997.

John D. Pringle, Robert R. Graves, Jr., Law Offices of John D. Pringle, Harry Deckard, Joseph A. Pitner, Asst. Atty. Gen., Tort Litigation Div., Austin, for appellant.

Robert P. Wilson, Law Offices of Robert P. Wilson, San Antonio, for appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

STONE, Justice.

This appeal arises from a grant of summary judgment in favor of Michael Reynolds in a suit brought by Pacific Employers Insurance Company seeking judicial review of a decision from the Appeals Panel of the Texas Workers' Compensation Commission. We find that Pacific Employers filed this suit without exhausting its administrative remedies; therefore, the trial court did not have subject matter jurisdiction over this claim. We accordingly vacate the judgment of the trial court and dismiss the suit.

PROCEDURAL AND FACTUAL BACKGROUND

On October 6, 1991, Michael Reynolds suffered an injury on a loading dock during the course and scope of his employment for Merchants Home Delivery. On October 12, 1991, Reynolds either suffered a second injury or aggravated the first while lifting furniture during his employment. Reynolds began a course of medical treatment, and he received compensation benefits from his employer's insurance carrier, Pacific Employment Insurance Company (Pacific). Approximately eighteen months later, Pacific terminated payment and contested Reynolds' claim for benefits with the Texas Workers' Compensa-

tion Commission (TWCC). Pacific argued that Reynolds failed to file a compensation claim within one year after the date of his accident, and was therefore not eligible for benefits. Reynolds argued that he had good cause in failing to file a claim because Pacific continued paying for his medical treatment. The contest hearing judge held that Reynolds had good cause in his failure to file the claim and that Pacific waived its right to contest because it did not do so within sixty days of the claim. Pacific appealed this decision to the TWCC's Appeals Panel.

The Appeals Panel affirmed in part, but reversed and remanded the issue of whether Reynolds had good cause in his failure to file a claim within one year after the accident. Even though the Appeals Panel reversed and remanded part of the case, Pacific filed suit in district court seeking judicial review of the Appeals Panel's decision concerning the affirmed issues. In the meantime, the remanded "good cause" issue went back to the contest hearing judge for findings of fact and conclusions of law. The Appeals Panel subsequently decided that Reynolds did not have good cause in failing to file his claim, and held that Pacific was absolved of liability. At this point, Reynolds filed an amended answer to Pacific's suit in district court and included a counter-claim, allegedly appealing the Appeals Panel's final decision to absolve Pacific of liability. Both parties moved for summary judgment, and the trial court ruled in favor of Reynolds. In seven points of error, Pacific appeals the trial court's decision. The Texas Workers Compensation Commission intervened and argues that Pacific erred in filing suit for judicial review prior to a final disposition of the case by the Appeals Panel. We agree with the Commission's argument.

## JURISDICTION

The Workers' Compensation Act allows for judicial review of claims only after the parties exhaust all administrative remedies. TEX. LAB.CODE ANN. § 410.251 (Vernon 1996). The Code specifically states, "A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter

and Subchapter G, if applicable." *Id.* Applying the law to the facts of present case, we find the lower court lacked jurisdiction to hear either Pacific's initial suit or Reynolds' counter-claim.

## PACIFIC'S SUIT SEEKING JUDICIAL REVIEW

■ The trial court did not have jurisdiction to hear Pacific's suit because Pacific had not exhausted its administrative remedies. *See* TEX. LAB.CODE ANN. § 410.252 (Vernon 1996). Pacific brought suit for judicial review immediately after the Appeals Panel rendered its first decision. However, Pacific had not been aggrieved by a final decision from the administrative process because the Appeals Panel did not dispose of all issues in the claim. The Appeals Panel did not reach a final disposition of the claim until its second decision was rendered on August 3, 1994. Although the first decision resolved all but one of the contested issues, the second Appeals Panel decision reversed the first and rendered an opinion absolving Pacific of liability because Reynolds failed to file a claim and did not have good cause for his untimeliness.

Pacific argues that the district court had jurisdiction over the affirmed issues from the first Appeals Panel because the new workers' compensation law focuses on the disposition of issues rather than claims. In support of this contention, Pacific relies on language in the Workers' Compensation Act. Section 410.204(a) reads that the Appeals Panel "shall issue a decision that determines each issue on which review was requested." TEX. LAB.CODE ANN. § 410.204(a) (Vernon 1996). Section 410.207 reads, "During judicial review of an appeals panel decision on any disputed issue relating to a workers' compensation claim, the commission retains jurisdiction of all other issues related to the claim." *Id.* at § 410.207. Further, section 410.302, titled Limitation of Issues, reads, "A trial under this subchapter is limited to issues decided by the commission appeals panel and on which judicial review is sought." *Id.* at § 410.302. Pacific relies on the use of the word "issues" in the above statutes to argue that once an Appeals Panel determines an issue in a claim, that issue is subject to

judicial review independent of any other issues. We do not agree with Pacific's reading of the statute.

Subsections 204, 207, and 302 address *whether* a district court may review an issue, not *when* the district court may review the issue. Pacific correctly asserts that the district court only has jurisdiction over issues in which the Appeals Panel entered a final decision. However, it is equally clear to this court that no issue can be appealed until the aggrieved party exhausts its administrative remedies for the claim. *See* TEX. LAB.CODE ANN. § 410.252 (Vernon 1996). To hold, as Pacific argues, that every issue in a claim may be appealed to the district court piecemeal, is not only contrary to this court's reading of the statutes, but also a waste of judicial resources. Judicial review is limited to claims that exhaust the administrative process. An appeal from an administrative process is not unlike an appeal solely within the judicial process. At the trial level, a cause of action may include numerous issues including, but certainly not limited to, jury selection, presentation of evidence, and jury charge. However, trial counsel must wait until the disposition of the case before appealing the individual issues. We do not agree with Pacific's reading of the Workers' Compensation Act, and hold that the district court did not have jurisdiction to hear the issues appealed because the claim had not finished the administrative process.

### REYNOLDS' COUNTER—CLAIM

■ The trial court did not have jurisdiction to hear Reynolds' counter-claim because Reynolds failed to comply with the mandatory filing and service requirements in section 410.253 of the Labor Code. Although Reynolds filed his counter-claim after the Appeals Panel's final disposition of the claim, Reynolds failed to serve a copy on the TWCC. The Code requires the party seeking judicial review, to serve a copy of the petition with the court, the commission, and the opposing party. TEX. LAB.CODE ANN. § 410.253 (Vernon 1996). This court recently held that prior to seeking judicial review the filing and service requirements in section 410.253 are mandatory. *Planet Ins. Co. v. Serrano*, 936 S.W.2d

35, 37–38 (Tex.App.—San Antonio 1996, no writ). In the absence of proper service, the trial court lacked jurisdiction to hear Reynolds' counter-claim.

In accordance with this court's opinion, we vacate the judgment of the trial court and dismiss the suit. *See* TEX.R.APP. P. 43.2(e).