Frances M. ADKINS, Appellant,

v.

ECTOR COUNTY INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 08–97–00158–CV.

Court of Appeals of Texas, El Paso.

May 7, 1998.

Rehearing Overruled July 1, 1998.

Workers' Compensation Act, we reverse and remand.

Barry L. Hart, Law Office of Barry L. Hart, Odessa, for Appellant.

Bruce Bangert, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

McCLURE, Justice.

In a single point of error, Frances M. Adkins appeals from a judgment dismissing her suit for want of jurisdiction. Finding that the "mail box rule" applies to judicial review of issues regarding compensability, income or death benefits under the Texas

## FACTUAL SUMMARY

This lawsuit stems from an attempt by Adkins to recover supplemental income benefits from the Texas Workers' Compensation Commission arising out of her claim against the Ector County Independent School District ("ECISD"). A contested case hearing was conducted on October 18, 1995. On January 25, 1996, the appeals panel of the Commission filed its decision with the Division of Hearings and Review. Adkins filed her original petition for judicial review with the district clerk of Ector County on March 5, 1996, the fortieth day after the decision had been filed. On the same day, she mailed a copy of the petition to the Commission. The Commission received the petition on March 7, 1996. ECISD moved to dismiss the case on the ground that the petition was not filed with the Commission within the forty-day period as required by the Workers' Compensation Act (the "Act"). Adkins asserted that pursuant to the "mail box rule," the petition was timely filed with both the court and the Commission. The trial court agreed with ECISD and dismissed the suit for want of jurisdiction.

## STATUTORY COMPLIANCE IS JURISDICTIONAL

Section 410.252(a) of the Act provides that a party may seek judicial review by filing suit not later than the fortieth day after the date on which the decision of the appeals panel was filed with the Division. TEX.LAB.CODE ANN. § 410.252 (Vernon 1996). Section 410.253 requires that a copy of the petition be simultaneously filed with the court and the Commission and served on any opposing party. TEX.LAB.CODE ANN. § 410.253. Compliance with both statutory directives has been construed as mandatory and jurisdictional. *Morales v. Employers Cas. Co.*, 897 S.W.2d 866, 868 (Tex.App.—San Antonio 1995, writ denied)(timely filing with the court is mandatory and jurisdictional); *Benavidez v. Travelers Indemnity Company of Connecticut*, 960 S.W.2d 422 (Tex.App.—Austin 1998,

n.w.h.)(timely filing with the Commission is mandatory and jurisdictional).

## WHO MAKES THE RULES?

The term "filing" is not defined within the Act. ECISD contends that the Commission exercises sole rule-making authority under the Act. Adkins contends that the Texas Rules of Civil Procedure apply, thus implicating the mail box rule. TEX.R.CIV.P. 5.

Section 402.061 of the Texas Labor Code states:

> ### § 402.061. Adoption of Rules
> The commission shall adopt rules as necessary for the implementation and enforcement of this subtitle.[1]

TEX.LAB.CODE ANN. § 402.061 (Vernon 1996).

This general provision confers rule-making authority concerning the powers and duties of the Commission. The case at hand, however, deals specifically with Chapter 410 of the Act and the adjudication of disputes. Subchapter A details the general provisions, including venue and representation. Section 410.003 provides that except as otherwise indicated, Chapter 2001 of the Government Code does not apply.[2] Subchapter B involves the parameters of the benefit review conference. In Section 410.027, the Legislature deferred rule-making authority to the Commission with regard to benefit review conferences, noting that such a proceeding is not subject to common law or statutory rules of evidence or procedure. Similarly, Subchapter C pertains to arbitration and in Section 410.111, the Legislature again deferred to the Commission to establish rules for arbitration consistent with generally recognized arbitration principles and procedures. Subchapter D addresses contested case hearings.

Once more, the Legislature directed the Commission to adopt rules governing procedures under which contested case hearings are conducted. TEX.LAB.CODE ANN. § 410.157. Subchapter E applies to the appeals panel. Section 410.202 identifies the timetable for filing the request and response. Of interest is the fact that with regard to the response, the Commission has itself adopted a mail box rule.[3]

In the area of judicial review, however, the Legislature chose not to defer rule-making authority to the Commission. Subchapter F outlines the general provisions of judicial review and specifies the time for filing the petition, as we have already noted. Section 410.255(a) mandates that for all issues other than those covered under Section 410.301(a), judicial review shall be conducted in the manner provided for judicial review of a contested case under Chapter 2001 of the Government Code. TEX.GOV'T CODE ANN. § 2001.171 et. seq. (Vernon Pamph.1998). Section 410.301(a) of the Act, contained within Subchapter G, establishes that judicial review of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted *as provided by this subchapter.*[4] This phrase is significant. Section 410.305 of Subchapter G reads as follows:

> ### § 410.305. Conflict With Rules of Civil Procedure
> (a) To the extent that this subchapter conflicts with the Texas Rules of Civil Procedure or any other rules adopted by the supreme court, this subchapter controls.
>
> (b) Notwithstanding Section 22.004, Government Code, or any other law, the su-

---

1. The subtitle refers to Subtitle A, TEXAS WORKERS' COMPENSATION ACT, of Title 5, WORKERS' COMPENSATION.

2. Chapter 2001 deals with administrative procedure. Sections 2001.171 et seq. address judicial review in contested cases. This chapter is explicitly applied to judicial review of all issues covered under the Act except those specifically enumerated in Section 410.301(a) involving compensability, eligibility or the amount of income or death benefits. TEX.LAB.CODE ANN. § 410.255(a).

3. A representative of the Office of the Attorney General, representing the Commission and appearing as amicus curiae, conceded during oral argument that a "version" of a mail box rule has been applied by the Commission in Rule 143.4 with regard to a response to a request for review by an appeals panel. 28 TEX.ADMIN.CODE § 143.4 (1997)(Tex. Workers' Comp. Comm'n, Practice and Procedures).

4. The Commission conceded during oral argument that supplemental income benefits fall within the parameters of Subchapter G.

preme court may not adopt rules in conflict with or inconsistent with this subchapter. It thus appears that the Legislature deliberately declined to defer to the Commission the rulemaking authority for judicial review. It did ensure that the Supreme Court, through the exercise of its rule-making powers under Government Code 22.004, could not enhance the scope of judicial review in workers' compensation cases. To the extent of any conflict, the Act would control. It logically follows, however, that to the extent the rules do *not* conflict with the Act, they will apply.

## IS THERE A CONFLICT BETWEEN THE STATUTE AND THE RULES OR BETWEEN COMMISSION RULES AND COURT RULES?

ECISD next argues that such a conflict does indeed exist. Citing a litany of cases holding that administrative rules operate with the force of law, they argue that there is a conflict between the "law," comprised of the Commission rules, and the "rules" promulgated by the Supreme Court.

Rule 102.7 adopted by the Commission defines "filing" as occurring upon receipt:

> [O]ther documents required to be filed by a specified time will be considered timely only if received by the commission at Austin, or at an appropriate regional field office, prior to or during business hours on the last permissible day of filing.

28 TEX.ADMIN.CODE § 102.7 (1997)(Tex. Workers' Comp. Comm'n, Practice and Procedures). The Texas Rules of Civil Procedure, on the other hand, define "filing" as occurring upon delivery, either in person, by agent, by courier, by facsimile transmission or by mail. Rule 5 of the Texas Rules of Civil Procedure, commonly called the "mail box rule," allows for the enlargement of time for the filing of documents which are sent by first-class United States mail.

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.

TEX.R.CIV.P. 5.

 We readily agree with ECISD that the Commission may implement and adopt rules to govern the administrative proceedings under the Act. However, once a case moves into the judicial review arena, the Legislature clearly intended the procedural rules to apply except to the extent that they conflict *with this subchapter:*

> Judicial review of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter.

TEX.LAB.CODE ANN. § 410.301(a)(Vernon 1996). Accordingly, we conclude the Rules of Civil Procedure apply.[5]

Because we conclude that the petition was timely filed, both with the court and with the Commission, the trial court retains jurisdiction and the case is reversed and remanded for a trial on the merits.

---

**5.** We are not unmindful that in *Morales,* the Court referenced the applicability of Commission Rule 102.7. *Morales,* 897 S.W.2d at 870. However, the issue presented there was the deadline for filing a response to a request for review by the appeals panel. Procedures for review by the appeals panel are contemplated within Subchapter E. Judicial review is not encompassed within Subchapter E; only Subchapters F and G are applicable to the matter before us.