## NATIONAL LIABILITY AND FIRE INSURANCE COMPANY, Appellant,

## v.

## Donald ALLEN, Appellee.

### No. 09–97–019 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 30, 1998.

Decided Aug. 13, 1998.

---

Robert T. Cain, Jr., Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, Harry Deckard, Assistant Attorney General, Austin, for appellant.

George E. Chandler, Law Offices of George Chandler, Wesley Hoyt, Bates & Hoyt, Darrin Walker, Law Offices of George Chandler, Lufkin, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

National Liability and Fire Insurance Company ("National Liability") and the Texas Workers' Compensation Commission ("Commission") as intervenor [1] appeal a district court judgment rendered in favor of Donald Allen. The Commission denied workers' compensation benefits to Allen based on a finding that Allen had not timely notified his employer of his injury. Allen appealed that decision to the district court. The jury found Allen had timely notified his employer of his injury and the court entered a judgment vacating the Commission's decision. Bringing two points of error, National Liability appeals the district court judgment asserting the following: (1) Allen failed to present evidence of timely notice to the Commission of his appeal to district court and, as a result, jurisdiction was lacking; and (2) the trial court erred in excluding testimony from an earlier Commission hearing. The Commission joins with National Liability on the first point of error.

---

1. The Texas Labor Code allows the Commission to intervene in judicial proceedings of workers' compensation disputes. *See* TEX. LAB.CODE ANN. § 410.254 (Vernon 1996).

## JURISDICTION

The resolution of National Liability's first point of error depends on our interpretation of § 410.253 of the Texas Labor Code. Section 410.252(a) provides that a party seeking judicial review of a Commission decision must file suit "not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." TEX. LAB. CODE ANN. § 410.252 (Vernon 1996). In addition, § 410.253 requires a copy of the petition to "be simultaneously filed with the court and the commission and served on any opposing party." TEX. LAB. CODE ANN. § 410.253 (Vernon 1996).

Following a rendition of the verdict in favor of Allen, National Liability brought forward a motion for judgment not withstanding the verdict. In the motion, National Liability alleged the trial court did not have jurisdiction to enter a final judgment in the case because Allen had failed to comply with the notice provision of § 410.253. This contention was originally brought forward by National Liability in its Supplemental Answer wherein National Liability denied under oath that jurisdiction was proper. In its motion for JNOV, National Liability argued pursuant to Rule 93 of the Texas Rules of Civil Procedure, that when jurisdictional matters are denied under oath, the plaintiff is required to prove the requisite elements. National Liability further stated that Allen had failed to come forward with proof of the simultaneous filing requirement and, therefore, jurisdiction was lacking.

Allen responded to the motion for JNOV with the following arguments: (1) § 410.253 is not jurisdictional, (2) § 410.253 was complied with because plaintiff complied with the "simultaneous" filing requirement, (3) defendant waived this affirmative defense by failing to raise this challenge in an appropriate plea to the jurisdiction, and (4) defendant did not file a proper verified denial. The trial court subsequently denied the motion for JNOV.

On appeal, National Liability now argues the denial of the motion was error. In its first point of error, National Liability states: "The trial court erred in overruling National Liability's motion for judgment NOV because Allen failed to present evidence that he timely sent the Commission notice of his appeal to District Court, after National Liability denied under oath that he had given such notice." The Commission, as intervenor, also argues that subject matter jurisdiction was lacking due to Allen's alleged untimely notice to the Commission.

Allen argues § 410.253 is not jurisdictional, but instead is merely directory. Alternatively, Allen argues there was proper proof of jurisdiction in the trial court because he sent a copy of the petition to the Commission on the same day he filed suit in district court.

### Judicial Notice

■ Allen argues the judgment of the trial court should be affirmed because there was proof of jurisdiction in the trial court. He requests this court to take judicial notice of the petition received by the Commission which is stamped with the date of receipt by the Commission. This information is important for our judicial determination of the date of notice to the Commission. We initially note that the copy of the petition date-stamped by the Commission is not part of the appellate record. The Commission filed a motion with this Court to take Judicial Notice of the date-stamped petition, thereby requesting permission to amend the appellate record. That motion was denied. We now determine, however, that the denial of the motion was error.

■ "A court of appeals has the power to take judicial notice for the first time on appeal." *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Texas*, 878 S.W.2d 598, 600 (Tex.1994). To be the proper subject of judicial notice, a fact must be one which is "not subject to reasonable dispute" because it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX.R. EVID. 201(b). Additionally, judicial notice is mandatory if "requested by a party and [the court is] supplied with the necessary information." TEX.R. EVID. 201(d).

The authenticity of the date-stamped petition is capable of accurate and ready determination by resort to the Commission records. The date-stamped petition was in existence at the time of trial and could have been judicially noticed by the trial court. Additionally, pursuant to TEX.R. EVID. 201(d), this court's judicial notice of the petition, per request by the Commission, was mandatory. *See Office of Pub. Util. Counsel,* 878 S.W.2d at 600 (court of appeals erred by refusing to take judicial notice of published order of the Public Utility Commission). As a result, this court's previous denial of the Commission's motion was error and we now take judicial notice of the date-stamped petition.

### Is The Notice Provision of § 410.253 Jurisdictional?

■ National Liability argues that both steps of filing the petition with the district clerk and with the Commission are jurisdictional. The Commission contended in oral argument that the notice provision of § 410.253 is instrumental in the Commission's ability to enforce the statute. The ability to intervene in a "new law" workers' compensation lawsuit, the Commission urges, "provides a means of ensuring that the system operates in accordance with [the] legislature's intent once a dispute reaches the litigation stage." In response, Allen strenuously argues the § 410.253 notice requirement is directory only. He bases this argument on the fact that the forty-day deadline is contained in § 410.252, but not within § 410.253.

The debate over the interpretation of § 410.253 has resulted in a line of appellate cases with varied results. The Austin Court of Appeals has applied the most stringent analysis to the service requirements of § 410.253. In *Benavidez v. Travelers Indem. Co. of Conn.,* 960 S.W.2d 422 (Tex.App.-Austin 1998, writ filed), the Austin court of appeals pronounced its reasoning for applying a strict construction to the filing requirements:

> There is no common law right to judicial review of an administrative decision. *Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 157 (Tex.App.-Austin 1993, writ denied). If a cause of action and the remedy for its enforcement are based on a statute, the statutory provisions are mandatory and exclusive. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926); *Dolenz v. Texas State Bd. of Medical Examiners,* 899 S.W.2d 809 (Tex.App.-Austin 1995, no writ). Each statutory requirement in such an appeal is jurisdictional. *Id.*

*Id.* at 423. The court concluded that both filing requirements under §§ 410.252 and 410.253 are jurisdictional, mandatory, and must be performed within the forty-day period:

> We conclude that section 410.253's requirement that the petition be simultaneously filed with the court and the commission is subject to 410.252's requirement that the petition be filed within forty days. We hold that a copy of the petition must be filed with the Commission within forty days of the date the appeals panel filed its decision with the division. We further conclude that this requirement is jurisdictional.

*Id.* at 424; *See also Continental Cas. Ins. Co. v. Functional Restoration Assoc.,* 964 S.W.2d 776, 782 (Tex.App.-Austin 1998, writ filed) (the simultaneity requirement in § 410.253 means "that petitions filed with the court and Commission must both be filed before the deadline for filing, but not necessarily on the same day.")

The San Antonio Court of Appeals likewise construes § 410.253 strictly. In *Planet Ins. Co. v. Serrano,* 936 S.W.2d 35, 37 (Tex.App.-San Antonio 1996, no writ), the court held that while the requirement for filing with the Commission within forty days is mandatory and jurisdictional, the *"simultaneous"* language of § 410.253 is directory. *See also Pacific Employers Ins. Co. v. Reynolds,* 961 S.W.2d 516, 518 (Tex.App.-San Antonio 1997, no writ) (failure to serve copy of petition with the Commission resulted in lack of jurisdiction).

Finally, the Texarkana Court of Appeals has taken a more lenient stance and has disagreed with other courts that have found the requirement of filing a copy of the petition with the Commission as mandatory and

jurisdictional. *See Sinclair v. Albertson's, Inc.,* —— S.W.2d ——, —— (Tex.App.-Texarkana 1998, n.w.h.) (not yet released for publication). The court expressed its reasoning of its lenient construction as follows:

[I]t is well settled that rules adopted by an agency must be within the clear intent of the statutory authority conferred on the agency, they must be consistent with that authority, and they may not impose additional burdens, conditions, or restrictions in excess of the statutory provisions. We must liberally construe the provisions of the Workers' Compensation Act, including Sections 410.252 and 410.253, to carry out the legislative plan of compensating injured workers and their dependents. Courts must consider the entire administrative rule, its nature and objects, and the consequences that would result from construing it each way. Further, administrative provisions that do not go to the essence of the act to be performed, but are for the purpose of promoting proper, orderly, and prompt conduct of business, are ordinarily not regarded as mandatory.

*Id.* (footnotes omitted).

### "The Mailbox Rule" Applies to Workers' Compensation Cases at the District Court Level

■ Allen argues the trial court had jurisdiction over this case because he mailed his petition to the Commission on June 7, 1993, one day before the forty-day deadline for filing it, and the Commission received it within ten days thereafter. Therefore, pursuant to TEX.R. CIV. P. 5, "the mailbox rule," notice to the Commission was timely. To support this assertion, Allen relies primarily on the Texas Supreme Court case of *Ward v. Charter Oak Fire Ins. Co.,* 579 S.W.2d 909 (Tex. 1979), which was decided under the former workers' compensation statute. In that case, Ward, the injured worker, mailed her notice to the Industrial Accident Board six days before expiration of the statutory period. Because of post office error, the notice was returned to her. Ward mailed the notice

again, but it was not received until two days after the expiration of the twenty-day statutory filing period. Refusing to apply a strict construction because "a harsh and inequitable result" would occur, the court determined that Ward had used a universally recognizable method of giving notice when she deposited the notice in the mail within the twenty-day statutory period. *Id.* at 910. The court concluded:

[I]f the notice of intention to appeal from a ruling of the Industrial Accident Board is sent to the Board by first-class United States mail in an envelope or wrapper properly addressed and stamped, and the notice is deposited in the mail one day or more before the expiration of the twenty-day statutory period and received by the Board not more than ten days after the expiration of the statutory period, then the notice shall be deemed timely filed. In the interest of uniformity, *this construction . . . coincides with the notice provisions of Rule 5 of the Texas Rules of Civil Procedure.*

*Id.* at 910–11 (emphasis added).

The Commission contends Rule 5 does not apply in this instance, arguing that Rule 5 is applicable to filings with the court, but not the Commission. It contends the applicable rule for filings with the Commission is 28 TEX. ADMIN. CODE § 102.7 (1997). TEX.R. CIV. P. 5 states:

If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.

Section 102.7, on the other hand, deems documents as timely filed only if received by the Commission "prior to or during business hours on the last permissible day of filing."[2]

Section 102.7 does not state that its restricted filing requirements are applicable once a workers' compensation case is appealed to the district court level. Indeed, a

---

2. Unless the last date of filing is a Saturday, Sunday, legal holiday, or other day the Commis-

sion is not open for business.

review of recent cases construing the filing requirements under the new workers' compensation law reveals that the mailbox rule is universally employed once a workers' compensation case reaches the district court level. *See Sinclair,* —— S.W.2d —— (Rule 5, not § 102.7, was applicable at district court level where party mailed copy of petition to the Commission forty-one days after the panel's decision and the fortieth day fell on a Sunday); *Adkins v. Ector County Indep. Sch. Dist.,* 969 S.W.2d 142 (Tex.App.-El Paso 1998, n.w.h.) (once a case moves into the judicial arena, rules of civil procedure apply; petition was timely filed with the Commission when it was mailed on the fortieth day). Therefore, in light of *Ward* and recent cases applying the mailbox rule to filing requirements under the new law, we find that Rule 5 is applicable. We agree with the Commission that while a case is proceeding at the administrative level, § 102.7 applies. However, once a case is appealed to the district court, Rule 5 is applicable to both filing requirements under §§ 410.252 and 410.253.

### Application

The date that controls the beginning of the forty-day deadline for filing a petition with the district clerk pursuant to § 410.252 is that noted on the Commission's order. *See Morales v. Employers Cas. Co.,* 897 S.W.2d 866, 869 (Tex.App.—San Antonio 1995, writ denied). The Appeals Panel decision was filed with the Commission's Division of Hearings and Review on April 29, 1993, as indicated by the date stamp appearing on the face of the decision. There is no dispute that Allen's petition was timely filed with the district court on June 7, 1993. Assuming a forty-day time restriction applies, the last day Allen could have served his petition with the Commission was June 8, 1993. The copy

of Allen's petition received and date-stamped by the Commission, of which we now take judicial notice, reveals a cover letter indicating the date of mailing as June 7, 1993 with a "received" stamp of June 14, 1993.[3] Therefore, applying Rule 5, assuming a forty-day time constraint applies to § 410.253, Allen's petition was timely filed with the Commission.

After reviewing the current case law addressing this issue, we conclude the service requirement of § 410.253 is mandatory and jurisdictional; service upon the Commission must be performed and must be made within the forty-day period delineated under § 410.252. However, where, as in the current case, a party mails the petition to the Commission within the forty-day period, the requirement of a simultaneous filing has without a doubt been met. Through the application of the mailbox rule, the petition will be deemed filed on the date it is deposited in the United States mail.[4] We hold Allen's petition was timely filed with the Commission pursuant to § 410.253. The trial court did not err in overruling National Liability's motion for judgment notwithstanding the verdict. Appellant's first point of error is overruled.

### EXCLUSION OF TESTIMONY

█ In its second point of error, National Liability complains that the "trial court erred in excluding the testimony of Tom Angers, because that testimony was part of the Commission's record and admissible as such." Tom Angers did not testify at trial. The testimony National Liability refers to is from an earlier Commission contested case hearing at which Angers testified about the notification of Allen's injury.

---

3. Although we now take judicial notice of the date-stamped petition, it is imperative to note that the Commission, in its appellate brief, concedes that the petition was received by the Commission on June 14, 1993. The Commission additionally appended their appellate brief with a copy of the date-stamped petition, even though their previous motion requesting our Court to take judicial notice of the petition had been denied and that petition was not yet part of the appellate record.

4. Even if we were to decide that the mailbox rule did not apply, we make note of the fact that National Liability did not contest jurisdiction until over two years from the date Allen filed his petition in district court. Additionally, the Commission, the only party to this lawsuit whose rights could be affected by the failure to provide notice, did not raise the issue at the trial level even though the Commission petitioned to intervene in the trial and contested jurisdiction on other grounds.

The sole issue at trial was whether Allen timely notified his employer of his injury. At trial, Allen testified that while he was in the hospital, he notified his superior, Tom Angers, that his injury was work-related. Angers' testimony from the Commission hearing was developed through bill of exception. This testimony contradicted Allen's testimony; it established that although Angers remembered having a conversation with Allen while Allen was in the hospital, he did not recall Allen telling him that the injury was work related or that he intended to file a workers compensation claim. The court denied admission of the testimony because no attempt had been made to procure Angers as a witness. Through the testimony of another witness, National Liability attempted to show the unavailability of Angers; that testimony, however, was properly denied because it was based on hearsay.

Complaining that the denial of the testimony was error, National Liability relies on *ESIS, Inc., Servicing Contractor v. Johnson,* 908 S.W.2d 554 (Tex.App.—Fort Worth 1995, writ denied), as support for its argument in favor of admissibility of the testimony. In *ESIS,* the appellant complained of the admission of the Commission appeals panel "opinion." *Id.* at 560. The Texas Labor Code requires the submission of the appeals panel decision to the jury. TEX. LAB.CODE ANN. § 410.304 (Vernon 1996). Following the mandate of the Labor Code, the *ESIS* court held the appeals panel opinion was admissible.

 We find *ESIS* distinguishable from the case at bar. While § 410.304 makes the admission of the appeals panel "decision" mandatory, § 410.306(b) declares that the admission of the commission "record" is limited to the extent allowed under the Texas Rules of Civil Evidence. *See Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 515 n. 11 (Tex.1995); TEX. LAB.CODE ANN. § 410.306(b) (Vernon 1996).[5] Accordingly, the commission's record is not absolutely admissible.

Allen contends the proffered testimony was inadmissible hearsay because it was an out of court statement offered to prove the truth of the matter asserted. *See* TEX.R. EVID. 801(d). We agree. Rule 804(b) of the Texas Rules of Evidence provides that testimony given at another hearing of the same proceeding is admissible as an exception to the rule against hearsay *only if the declarant is unavailable as a witness.* TEX.R. EVID. 804(b)(1).

 The admission or exclusion of evidence is committed to the trial court's sound discretion. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995). A trial court abuses that discretion when it acts without regard for any guiding rules or principles. *Id.* at 754. The trial court found that National Liability failed to prove the unavailability of Angers when it offered his contested case hearing testimony into evidence. Therefore, the trial court did not abuse its discretion in refusing to admit Anger's testimony. *Accord St. Paul Fire & Marine Ins. Co. v. Confer,* 956 S.W.2d 825, 831 (Tex. App.—San Antonio 1997, writ denied). Appellant's second point of error is overruled.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result. I respectfully disagree with the majority's holding that the requirement of section 410.253 that a copy of the petition be filed simultaneously with the commission is jurisdictional. As noted in my concurring opinion in *Texas Workers' Compensation Ins. Fund v. Ashy,* 972 S.W.2d 208 (Tex.App.—Beaumont 1998, n.w.h.), I believe the purpose of the "simultaneous" filing requirement is to provide the commission notice to enable them to exercise their right to intervene under section 410.254, rather than being jurisdictional. *See Sinclair v. Albertson's Inc.,* —— S.W.2d —— (Tex.App.—Texarkana n.w.h.)(not yet released for publication).

---

5. In pertinent part, 410.306(b) provides: "All facts and evidence the record contains are ad-

missible to the extent allowed under the Texas Rules of Civil Evidence."