**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
Appellant,**

v.

**Valerie MEADOR and the Texas Workers' Compensation Commission, Appellees.**

No. 2–97–089–CV.

Court of Appeals of Texas,
Fort Worth.

March 11, 1999.

Bishop & Hummert and Alexander N. Beard and Darryl J. Silvera, Dallas, for Appellant.

Lombrano-Williamson and Assoc. and Barbara Lombrano-Williamson, Irving, for Appellee Valerie Meador.

Dan Morales, Attorney General, Jorge Vega, First Assistant Attorney General, Laquita A. Hamilton, Deputy Attorney General for Litigation, Nelly Herrera, Chief, Tort Litigation, Harry Deckard and Joseph A. Pitner, Assistant Attorney's General, for Appellee Texas Workers' Compensation Commission.

## OPINION

LEE ANN DAUPHINOT, Justice.

The primary issue in this workers' compensation case is whether timely filing of a petition with the Texas Workers' Compensation Commission is jurisdictional in nature. Because we conclude the filing requirement of section 410.253 of the Texas Labor Code is not jurisdictional, we reverse the dismissal judgment of the trial court and remand the case to the trial court.

## I. INTRODUCTION AND PROCEDURAL HISTORY

Valerie Meador ("Meador") claimed to have sustained compensable injuries under the Texas Workers' Compensation Act on September 23, 1992. St. Paul Fire and Marine Insurance Company ("St.Paul") provided workers' compensation insurance coverage for Meador's employer. After a contested case hearing, the hearing officer of the Texas Workers' Compensation Commission determined that Meador sustained an occupational disease in the course and scope of her employment. On March 25, 1996, the Appeals Panel of the Texas Workers' Compensation Commission ("Appeals Panel") affirmed that decision.

On April 23, 1996, St. Paul sought judicial review of the Appeals Panel's decision by timely filing its original petition against Meador in the district court of Parker County.[1] On June 18, 1996, the Texas Workers' Compensation Commission ("TWCC") filed a petition in intervention asserting the decision of the Appeals Panel is correct and should be upheld.[2]

Both Meador and TWCC then filed motions to dismiss for lack of subject matter jurisdiction, alleging St. Paul had not complied with Labor Code section 410.253 by filing its petition with TWCC within 40

---

1. *See* TEX. LAB.CODE ANN. §§ 410.251, 410.252 (Vernon 1996).

2. *See id.* § 410.254.

days from the date of the Appeals Panel's decision.[3]

## II. THE HEARING ON TWCC'S MOTION TO DISMISS

On January 28, 1997, the court held an evidentiary hearing on TWCC's motion to dismiss. TWCC introduced the following exhibits which were attached to its motion to dismiss:

● The decision of the Appeals Panel filed March 25, 1996, ruling in favor of Meador.

● A copy of St. Paul's original petition, filed April 23, 1996.

● A May 23, 1996 letter from St. Paul's attorney to TWCC reciting in full "[e]nclosed for your information and file is a copy of the petition which has recently been filed in the above-referenced matter in the 33rd Judicial District Court of Burnet County, Texas."

● A "Certification of Specified Instrument(s)" signed January 16, 1997 by TWCC's custodian of records, stating that St. Paul's original petition was received by TWCC on May 28, 1996.

---

3. *See id.* § 410.253.

4. The affidavit recites:

"I am employed as a legal secretary for the law firm of E. Thomas Bishop, P.C. In connection with the lawsuit St. Paul filed against Valerie Meador in this case, I typed the original petition and jury demand, along with the discovery. I was also responsible for preparing the filing letter and sending the documents to the court and the TWCC. On April 22, 1996, I sent via Federal Express the original petition, jury demand, discovery and filing fees to the Parker County District Clerk's office for filing. It is the policy and procedure in our office to notify and file with the Texas Workers' Compensation Commission a copy of petitions being filed in District Court appealing new law worker's compensation decisions. On April 22, 1996, on the same date the original petition and documents were sent to the Clerk's office, a copy of the petition was mailed to the TWCC in Austin, Texas.

"Thereafter, in May 1996, we received a telephone call from the TWCC asking for a

St. Paul offered the affidavit of Lenette Sadler, a legal secretary for the attorney representing St. Paul, dated January 27, 1997. Sadler recited that she was responsible in this case for preparing the filing letter and sending St. Paul's original petition to the court and TWCC. She stated that on April 22, 1996, on the same date St. Paul's original petition was sent to the trial court, "a copy of the petition was mailed to the TWCC in Austin, Texas." Sadler recited that thereafter, TWCC contacted her and asked for a copy of the petition, and she sent a duplicate copy to them on May 23, 1996.[4]

At the conclusion of the hearing the court held it did not have jurisdiction over this case because St. Paul's petition was not filed with TWCC within 40 days after the date on which the decision of the Appeals Panel was filed.[5] Accordingly, the court dismissed the case for lack of jurisdiction.

## III. THE TEXAS LABOR CODE

Several relevant sections of the Texas Labor Code are contained in Subchapter F, entitled "Judicial Review—General Provisions":

copy of the petition. I prepared a letter sending a duplicate copy to the TWCC, as they requested. I sent a duplicate copy of the original petition to the Texas Workers' Compensation Commission on May 23, 1996 and mailed it certified mail, return receipt requested, No. P 591 318 747. The TWCC signed and acknowledged receipt of the petition on May 28, 1996.

"On a number of occasions I have taken calls for [St. Paul's attorney] from the TWCC asking for duplicate copies of original petitions when the TWCC has already been served with a copy. The TWCC was served with a copy of St. Paul's original petition in this case on two separate occasions."

5. At oral argument before this court, the parties discussed the precise wording of Sadler's affidavit. However, because none of the points in St. Paul's briefs challenge the sufficiency of the trial court's factual determination that St. Paul did not mail a copy of the petition to TWCC within the 40-day period of section 410.252, that issue is not before us.

## § 410.251. Exhaustion of Remedies

A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, if applicable.[6]

## § 410.252. Time for Filing Petitions; Venue

(a) A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division.[7]

## § 410.253. Service

A copy of the petition shall be simultaneously filed with the court and the commission and served on any opposing party.[8]

## IV. ST. PAUL'S PROCEDURAL COMPLAINTS

In points one through four, St. Paul raises various procedural complaints regarding the manner in which the trial court dismissed its petition for lack of subject matter jurisdiction.

### Is the trial court's jurisdictional review limited solely to the pleadings?

In its first two points, St. Paul contends the trial court erred because it did not limit its jurisdictional review solely to the pleadings, but instead erroneously considered extraneous evidence offered by the parties.

In its original petition, St. Paul recited that "all jurisdictional prerequisites for filing of this suit have been complied with by Plaintiff, and that this suit and request for review are timely" and that "[a]ll jurisdic-tional requirements for appeal of the foregoing Appeals Panel Decision have been complied with by Plaintiff."

In support of its argument that the trial court's review was limited to plaintiff's pleadings, St. Paul cites *Firemen's Insurance Co. v. Board of Regents of the University of Texas System* for the proposition that "[i]n a plea to the jurisdiction, the trial court must base its decision solely on the allegations in the plaintiff's pleadings."[9]

■ The question of whether St. Paul timely filed its petition with TWCC depends on evidence relating to when or if its petition was filed with TWCC. We do not find guidance from the quoted statement from *Firemen's Insurance* because it dealt with the issue of sovereign immunity, not with limitations or statutory filing deadlines. St. Paul's argument is essentially a claim that Meador and TWCC waived the right to contest jurisdiction.

■ Subject matter jurisdiction may be raised at any time and cannot be waived.[10] Were we to hold, as St. Paul contends, that the trial court could only look to plaintiff's pleading in determining fact questions pertaining to jurisdiction, then any allegation of jurisdiction would suffice, whether jurisdiction actually exists or whether a defendant can prove it does not. This is not the spirit or intent of Texas jurisdictional law.[11]

■ St. Paul further asserts that the allegations in its petition are conclusive regarding jurisdiction because neither Meador nor TWCC properly challenged St. Paul's jurisdictional allegations by specifically denying that all conditions precedent had been performed by St. Paul. Nei-

---

6. Tex. Lab.Code Ann. § 410.251 (footnote omitted).

7. *Id.* § 410.252(a).

8. *Id.* § 410.253.

9. 909 S.W.2d 540, 541 (Tex.App.—Austin 1995, writ denied).

10. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex.1993) (subject matter jurisdiction is never presumed and cannot be waived; it may be raised for the first time on appeal).

11. *See id.*

ther did they specifically deny that St. Paul had properly and timely filed its suit to set aside the Appeals Panel's decision. Specifically, St. Paul maintains Meador and TWCC were required to challenge the trial court's jurisdiction by complying with rule 93(13) of the Texas Rules of Civil Procedure:

> In the trial of any case appealed to the court from the Industrial Accident Board [the predecessor to TWCC] the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:
>
> . . . .
>
> (e) Filing of suit to set aside the award.[12]

There is no dispute in the instant case that St. Paul filed suit to set aside the award within the 40–day period mandated by section 410.252. Rule 93 does not mention the need for a verified denial in a situation where a defendant asserts the plaintiff failed to file a copy of the petition with TWCC.

We conclude there is no logical basis for St. Paul's assertion that rule 93(13)(e) applies to this situation because the rule by its very language only purports to apply to "[f]iling of suit to set aside the award." [13] Therefore, rule 93(13)(e) created no presumption that St. Paul timely filed a copy of its original petition with TWCC.

We hold the trial court did not err in considering TWCC's evidence that it did not receive a copy of St. Paul's petition until more than 40 days after the filing of the decision of the Appeals Panel. We overrule St. Paul's first and second points.

## Was the trial court required to permit St. Paul to amend prior to dismissing?

■ In its third point, St. Paul contends that even if the trial court did not err in looking beyond the pleadings in resolving the jurisdictional issue, before the trial court could dismiss for lack of jurisdiction St. Paul should have been permitted to cure any jurisdictional deficiencies by amending its pleadings. In support of its argument, St. Paul cites *Ramirez v. Lyford Consolidated Independent School District.*[14] In *Ramirez,* the defendant filed a motion to dismiss for lack of jurisdiction averring plaintiff had failed to exercise all administrative remedies before filing suit.[15] The trial court granted the motion without holding a hearing or giving plaintiff an opportunity to amend his pleadings.[16] On appeal, the court held the trial court erred in not permitting plaintiff to amend because omitting an element of a cause of action does not deprive a court of jurisdiction; it is merely a defect in pleading subject to special exceptions and amendment.[17]

*Ramirez* is factually and procedurally inapposite to the case at bar. Unlike Ramirez who omitted an element of his cause of action, St. Paul's pleadings were not deficient. Further, in *Ramirez* the motion to dismiss was granted without a hearing, whereas in the instant case the trial court held a full evidentiary hearing with St. Paul's counsel present; the facts regarding the jurisdictional issue were fully developed at the hearing. Any alleged jurisdictional defect in this case could not have been cured by offering St. Paul the opportunity to amend its pleadings. We overrule St. Paul's third point.

12. Tex R. Civ. P. 93(13)(e).

13. *Id.*

14. 900 S.W.2d 902 (Tex.App.—Corpus Christi 1995, no writ).

15. *Id.* at 904.

16. *See id.*

17. *See id.* at 906 ("[A] litigant has a right to amend to attempt to cure pleading defects if jurisdictional facts are not alleged.").

### Was this essentially a summary judgment hearing?

In its fourth point, St. Paul claims that by not relying solely upon the allegations in St. Paul's petition to resolve the jurisdictional issue, and by considering evidence that was attached to TWCC's motion to dismiss, the trial court actually treated the motion to dismiss as a motion for summary judgment without affording St. Paul the benefit of the procedural safeguards guaranteed in summary judgment practice. Basically, St. Paul reurges its contention that it was improper at the hearing on TWCC's motion to dismiss for the trial court to allow any party to present evidence regarding the issue of jurisdiction. We have already resolved this issue in our discussion of St. Paul's previous points. St. Paul does not cite any authority for its contention that the hearing was the equivalent of a summary judgment hearing, and there is absolutely nothing in the record that would support this conclusion. We overrule St. Paul's fourth point.

### V. IS TIMELY FILING OF THE PETITION WITH TWCC JURISDICTIONAL?

■ In its fifth point, St. Paul contends the trial court erred in holding that compliance with section 410.253 is jurisdictional. We agree.

A party seeking judicial review of a decision of the Appeals Panel must first exhaust its administrative remedies.[18] The parties in the instant case do not dispute that St. Paul exhausted its administrative remedies. Additionally, the aggrieved party must take certain steps under section 410.252: the party must file suit not later than the 40th day after the date on which the decision of the Appeals Panel was filed, and the petition must be filed with the appropriate court, as set out in section 410.252. St. Paul concedes that this section is jurisdictional in nature.[19] There is no dispute that St. Paul timely filed its petition with the appropriate court.

Section 410.253 then requires that "[a] copy of the petition shall be simultaneously filed with the court and the commission and served on any opposing party."[20] Until very recently, courts of appeals were divided on the issue of whether filing of the petition with TWCC was jurisdictional.[21] However, the Texas Supreme Court has now resolved this controversy and held:

● Section 410.253 requires a petitioner for judicial review of a Texas Workers' Compensation Commission Appeals Panel decision to file a copy of the petition with TWCC the same day it files the petition with the trial court.

● The mailbox rule applies to section 410.253 filings in subchapter G judicial review actions.

● Compliance with section 410.253 is mandatory but not jurisdictional.[22]

The supreme court concluded that if TWCC "receives late notice and requires additional time to intervene, the trial court can abate the judicial review action as necessary."[23] Accordingly, we sustain St. Paul's fifth point and hold the trial court

18. *See* Tex. Lab.Code Ann. § 410.251.

19. *See Morales v. Employers Cas. Co.*, 897 S.W.2d 866, 868 (Tex.App.—San Antonio 1995, writ denied).

20. Tex. Lab.Code Ann. § 410.253.

21. *Compare Benavidez v. Travelers Indem. Co.*, 960 S.W.2d 422 (Tex.App.—Austin 1998), *rev'd*, 985 S.W.2d 458 (Tex.1999), *and Adkins v. Ector County I.S.D.*, 969 S.W.2d 142, 143 (Tex.App.—El Paso 1998), *pet. denied*, 989 S.W.2d 363 (Tex.1999), *and National Liab. & Fire Ins. Co. v. Allen*, 972 S.W.2d 215 (Tex. App.—Beaumont 1998, pet. filed) *with Sinclair v. Albertson's, Inc.*, 975 S.W.2d 662 (Tex. App.—Texarkana 1998), *aff'd*, 984 S.W.2d 958 (Tex.1999).

22. *Albertson's*, 984 S.W.2d at 961–62

23. *Id.* 984 S.W.2d at 961–62.

erred in dismissing the case for want of jurisdiction.

The judgment of the trial court is reversed and the case is remanded to the trial court.