COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
  
NO. 2-03-189-CV

   
ALBERTSON'S, 
INC., A CERTIFIED                                          APPELLANT
SELF-INSURED
 
V.
 
KATHRYN 
D. ELLIS AND TEXAS                                              APPELLEES
WORKERS' 
COMPENSATION
COMMISSION
 
------------
 
FROM 
THE 141ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. INTRODUCTION
        This 
is a workers’ compensation case. Appellant Albertson’s, Inc., A Certified 
Self-Insured appeals from the trial court’s grant of Kathryn D. Ellis 
(“Ellis”) and Texas Workers’ Compensation Commission (“TWCC”) motion 
for summary judgment based on the lack of jurisdiction, arguing that the opinion 
of the TWCC appeals panel was a final decision allowing it to seek judicial 
review under section 410.251 of the Texas Labor Code (“the Code”), and that 
the trial court erred in granting appellees’ motion for summary judgment 
because appellant did not request relief through a plea to the jurisdiction. We 
affirm.
II. FACTUAL AND LEGAL BACKGROUND
        On 
October 22, 1999, Ellis allegedly injured herself while working for appellant 
when her right arm got caught between two shopping carts. Ellis reported the 
injury to her supervisor and filed the necessary claims with the TWCC as 
required by the Texas Workers’ Compensation Act and appellant’s insurance 
policy. Dr. Benjamin Agana, appellant’s choice of doctor for the required 
medical examination, certified Ellis at maximum medical improvement (“MMI”) 
as of October 20, 2000 and assigned an impairment rating (“IR”) of 0%. Ellis 
disputed Dr. Agana’s diagnosis. In response to the dispute, the TWCC 
designated Dr. Maximino Segura, who certified in a designated doctor’s report 
that Ellis’s MMI date was May 9, 2001 and assigned a 22% IR. Appellant 
disputed the 22% IR and requested a letter of clarification from Dr. Segura. Dr. 
Segura replied to the request stating he would not change the IR. In response, 
appellant asked TWCC to send a second letter requesting clarification, which it 
did. On October 12, 2001, before a response to the second letter was 
forthcoming, Dr. Segura’s office manager notified the TWCC that the physician 
had suffered a stroke and could not respond.
        On 
March 12, 2002, a contested case hearing (“CCH”) was held to determine the 
correct MMI date and IR. The hearing officer determined that Dr. Segura’s 
report was invalid, that there needed to be a designated doctor’s report in 
the record to determine the IR, and that Ellis’s IR could not be determined 
from the evidence presented. She concluded that it was necessary to “return 
the issue of [Ellis’s IR] to the Dispute Resolution Offices [of the TWCC] for 
the appointment of a new designated doctor to assess an [IR].” The hearing 
officer also noted that the parties stipulated that Ellis attained MMI on 
October 27, 2001.
        Appellant 
appealed the following issues to the TWCC appeals panel: (1) the correct MMI 
date; (2) the correct IR; and (3) whether the hearing officer exceeded her 
authority by ordering the TWCC to appoint a second designated doctor to assess 
Ellis’s IR. The appeals panel opinion “affirmed in part and reversed and 
rendered in part.” As to the correct MMI, the appeals panel held, “We . . . 
reverse the decision of the hearing officer that the claimant attained MMI on 
October 27, 2001, and render a decision that the MMI date has yet to be 
determined.” As to the other issues, the appeals panel held,
 
[W]e 
affirm the action of the hearing officer in ordering that a second designated 
doctor be appointed. . . . Since there has been no final resolution of 
the MMI and IR issues by a designated doctor, we believe it is necessary that a 
second designated doctor be appointed to resolve the issues of MMI and IR. We 
perceive no error in the hearing officer’s decision to order the [TWCC] field 
office to appoint a second designated doctor. [emphasis supplied.]

 
        On 
July 10, 2002, appellant filed suit in Tarrant County district court, seeking 
judicial review of the following issues: (1) the correct MMI date; (2) the 
correct IR; and (3) whether the hearing officer exceeded her authority by 
ordering the TWCC to appoint a second designated doctor to assess Ellis’s IR. 
Ellis filed for summary judgment seeking the dismissal of appellant’s case on 
the basis that the TWCC did not make a “final decision” as to the date of 
MMI and IR, which prevented appellant from seeking judicial review of those 
issues. Appellant filed its own motion for summary judgment on September 23, 
2002, asserting that the TWCC rules require adoption of an existing assessment 
of MMI and IR when a designated doctor’s opinion is rendered invalid. The 
trial court granted Ellis’s motion for summary judgment on May 30, 2003, 
holding that it did not have jurisdiction because the TWCC had not rendered a 
final decision. This appeal followed.
III. JURISDICTION 
OF THE TRIAL 
COURT
        In 
its first three points, appellant complains that the trial court erred in 
granting Ellis’s motion for summary judgment because the TWCC appeals panel 
decision was final and appealable under the Code, which gave the trial court 
jurisdiction to review the decision. Specifically, appellant claims that the 
TWCC issued a final decision under Section 410.251 of the Code[1] 
on the issue of MMI, IR, and appointment of a second designated doctor. In 
support of its argument, appellant points to section 410.203(b) of the Code 
which provides: “An Appeals Panel may: (1) affirm the decision of the hearing 
officer; (2) reverse that decision and render a new decision; or (3) reverse 
that decision and remand the case to the hearing officer for further 
consideration and development of evidence.”  Tex. Lab. Code Ann. § 410.203(b) (Vernon 1996). 
According to appellant, the appeals panel’s opinion was a final decision 
because it “affirmed in part and reversed and rendered in part,” but did not 
remand the case to the hearing officer.
        Ellis 
contends that appellant has not exhausted its administrative remedies because 
the appeals panel clearly and unequivocally held that the issues pertaining to 
Ellis’s date of MMI and IR would require the appointment of a second doctor, 
and the panel affirmed the hearing officer’s order that a second designated 
doctor be appointed.[2]  We agree.
        Section 
410.251 clearly requires that a party must exhaust its administrative remedies 
and be aggrieved by a final decision of the appeals panel before it seeks 
judicial review. Tex. Lab. Code Ann § 410.251 (Vernon 1996). Despite the 
absence of the word “remand” in the wording of the appeals panel opinion, 
from a review of the opinion in its entirety, it is clear that the appeals panel 
agreed with the hearing officer that no final resolution of the MMI and IR 
issues had occurred and that “further consideration and development of the 
evidence” was necessary through the appointment of a second designated doctor. 
In fact, the appeals panel ruling finds that “there has been no final 
resolution of the MMI and IR issues.” [emphasis supplied.] This is so 
because until a second designated doctor is appointed and makes a determination 
regarding Ellis’s date of MMI and IR, there can be no final decision from 
which judicial review may be sought.[3]  
Therefore, although the appeals panel “affirmed” the hearing officer’s 
decision in part, the panel was affirming that no final resolution of the MMI 
and IR issues had occurred and that further ”development of the evidence” 
was required, through the appointment of a second designated doctor. The mere 
failure of the appeals panel to use the word “remand” in the judgment 
portion of its opinion does not make its nonfinal decision final for the purpose 
of judicial review, and is, in effect, a remand, regardless of how that remand 
is denominated.[4]  We overrule appellant’s 
first three points.
IV. LACK OF JURISDICTION AS BASIS 
FOR SUMMARY JUDGMENT
        In 
its fourth point, appellant complains the trial court erred in granting 
Ellis’s motion for summary judgment based on the lack of jurisdiction because 
Ellis filed a motion for summary judgment and not a plea to the jurisdiction. 
Appellant cites Bland Independent School District v. Blue[5] for the proposition that an argument for lack of subject 
matter jurisdiction is properly the basis of a plea to the jurisdiction. 
However, as Ellis correctly noted, in Blue the Texas Supreme Court held, 
“The absence of subject-matter jurisdiction may be raised by a plea to the 
jurisdiction, as well as by other procedural vehicles, such as a motion for 
summary judgment.” Id. (citations omitted). The trial court, therefore, 
did not err in granting Ellis’s motion for summary judgment based on the lack 
of jurisdiction. We overrule appellant’s fourth point.
V. CONCLUSION
        Having 
overruled appellant’s points on appeal, we affirm the judgment of the trial 
court.

  
                                                                  BOB 
MCCOY
                                                                  JUSTICE

   
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
CAYCE, 
CJ. concurs without opinion.
 
DELIVERED: 
February 26, 2004


NOTES
1.  
Section 410.251 of the Code states, “A party that has exhausted its 
administrative remedies under this subtitle and that is aggrieved by a final 
decision of the appeals panel may seek judicial review under this subchapter.” 
Tex. Lab Code Ann. § 410.251 (Vernon 1996).
2.  
The TWCC, who intervened in the trial court, filed a letter brief with this 
court agreeing with Ellis and adopting and incorporating by reference the 
argument and position of Ellis’s brief.
3.  
“The trial court did not have jurisdiction to hear [the workers’ 
compensation carrier’s] suit because [it] had not exhausted its administrative 
remedies . . . because the Appeals Panel did not dispose of all issues in the 
claim . . . the District Court only has jurisdiction over issues in which the 
Appeals Panel entered a final decision.” Pac. Employers Ins. Co. v. 
Reynolds, 961 S.W.2d 516, 517-18 (Tex. App.—San Antonio 1997, no pet.).
4.  
“That which looks like a duck, walks like a duck, and quacks like a duck, will 
be treated as a duck even though some would insist upon calling it a chicken.” 
Tidelands Marine Serv. v. Patterson, 719 F.2d 126, 128 n.3 (5th 
Cir. 1983).
5.  
34 S.W.3d 547, 554 (Tex. 2000).